UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,

        Plaintiff,

v.

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT, JOSEPH COOK, MICHAEL KEANE,
and SHARON ACKER,

        Defendants.

**ATTORNEY AFFIDAVIT**

Index No. : 11-CV-0663A

Hon. Hugh B. Scott,
Magistrate Judge

| | | |
|---|---|---|
| **STATE OF NEW YORK** | ) | |
| **COUNTY OF ERIE** | ) | **ss:-** |
| **CITY OF BUFFALO** | ) | |

**CARMEN J. GENTILE, ESQ.,** being duly sworn, deposes and says:

1.     That I am an attorney duly licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and make this affidavit in support of a motion to quash subpoenas served upon the Hon. Byron W. Brown, Mayor of the City of Buffalo and Daniel Derenda, Police Commissioner for the City of Buffalo.

2.     I am an Assistant Corporation Counsel, of counsel, to Timothy A. Ball, Corporation Counsel for the City of Buffalo ("City"), and counsel to the above-named Defendants.

3.     That this suit was brought by the Plaintiff by way of a summons and complaint (Exhibit A).

4.     That this matter was removed to the United States District Court, Western District of New York from the New York State Supreme Court by way of a Notice of Removal (Exhibit B).

5.     An Answer was timely filed by the Defendants after this matter was removed from the State court to the Federal Court (Exhibit C).

6.      During the pendency of litigation of this matter, the Plaintiff submitted document demands to Defendants Joseph Cook, Michael Keane and Sharon Acker (Exhibit D).

7.      Just nine (9) days after the dated discovery demands referenced above, Subpoenas Duces Tecum were served upon the Hon. Byron W. Brown, Mayor of the City of Buffalo and Daniel Derenda, Police Commissioner of the City of Buffalo, such subpoenas dated July 11, 2012 (Exhibit E).  The subpoenas demanded production of documents and other information which were identical to the information sought by way of the discovery demands referenced above.  The subpoenas, however, did add nine (9) additional requests for information and documentation regarding this matter.

8.      In the interim, the Defendants responded timely to the document demands referenced above and submitted responses thereto (Exhibit F).

9.      Defendants hereby move to quash the subpoenas referenced above in that a Subpoena Duces Tecum is not the appropriate vehicle for requesting or demanding discovery under the Federal Rules of Civil Procedure and that if such subpoena process is recognized, the subpoenas issued were duplicative of the discovery demands and exceeded the allowed number of demand requests that are allowed to be made under the Federal Rules.

## SUBPOENA DUCES TECUM IS NOT A RECOGNIZED FORM OF DISCOVERY UPON A PARTY

10.     Title V of the Federal Rules of Civil Procedure governs disclosure and discovery. Subpoenas and Subpoena Duces Tecum are governed by Title VI, specifically Rule 45.

11.     Subpoenas and Subpoenas Duces Tecum are not appropriate discovery devices between parties and are limited to discovery and disclosure between non-parties. [See Burns v. Bank of America, WL 1589437 (2007); Alper v. U.S., 190 F.R.D 281 (2000); Hasbro Inc. v. Serafino, 168 F.R.D 99 (1996)]

12.     The subpoenas referenced above were served upon the Mayor of the City of Buffalo,

2

who is an agent of the City, as well as the Police Commissioner of the City of Buffalo, who is also an

agent of the City. Any document disclosure to be sought from these individuals should be

undertaken through sanctioned disclosure and discovery devices under the Federal Rules between

parties of which subpoenas are not part or included under such provision.

13.     Any documentation that needs to be obtained by the Plaintiff through the Office of

the Mayor or the Office of the Police Commissioner can be obtained by way of sanctioned discovery

devices which are allowed under the Federal Rules. Certainly, the Plaintiff is allowed to issue a

subpoena or a subpoena duces tecum to an individual or entity which would be considered a non-

party; however, such is not allowed upon a party or an agent of a party in the action.

14.     Also, the Court has issued a scheduling order governing the discovery and disclosure

of all information whereby the parties are allowed to exchange demands for discovery and

information pursuant to sanctioned methods under the Federal Rules (Exhibit G).

## THE DOCUMENTATION AND INFORMATION SOUGHT BY WAY OF SUBPOENA IS DUPLICATIVE OF THE INFORMATION REQUESTED PREVIOUSLY BY WAY OF DEMAND FOR DISCLOSURE

15.     Upon examination of the demands for discovery upon the individual police officers

who are named in this suit (Exhibit D), and the information sought by way of subpoena upon the

Mayor of the City of Buffalo and the Police Commissioner of the City of Buffalo (Exhibit E), it is

clear that the information requested is identical in nature other than the fact that the subpoena

requests nine (9) additional items not included in the demands for discovery. The Plaintiff appears to

be improperly bolstering his discovery demands by issuing subpoenas to the individuals named

essentially seeking the same information and also including additional items to be sought.

16.     Based upon the provisions of the Federal Rules as noted above, this attempt by the

Plaintiff appears to be improper.

## NOTWITHSTANDING THE IMPROPRIETY OF ISSUING A SUBPOENA TO OBTAIN DISCOVERY UPON A PARTY, THE SUBPOENA IS VIOLATIVE OF THE LOCAL RULES OF FEDERAL PROCEDURE

17.     Notwithstanding the impropriety of using subpoenas for discovery upon a party to the action rather than using sanctioned discovery methods under the Federal Rules, the subpoenas served upon the individuals referenced above consist of twenty-nine (29) requests for various documents and information upon these individuals.

18.     Under the Rules of the United States District Court for the Western District of New York (Local Rules), Rule 34 limits the request for the production of documents or things to not exceed twenty-five (25) in number, including all discreet subparts.  As stated, the request for production of documents or things in the referenced subpoenas consists of twenty-nine (29) requests.

19.     Notwithstanding the impropriety of using the subpoena process for obtaining discovery from another party to the action, the subpoenas are improper on their face since the number of documents requested exceeds the number allowed under the local rules.

WHEREFORE, the Defendants hereby move to quash the subpoena duces tecum issued to the Hon. Byron W. Brown, Mayor of the City of Buffalo and Daniel Derenda, Police Commissioner for the City of Buffalo for the reasons above stated.

Carmen J. Gentile, of counsel to
Timothy A. Ball, Corporation Counsel

Subscribed and sworn to before me
this 19th day of July_____, 2012.

_____
Notary Public

JANET R. POYDOCK
Notary Public, State of New York
No. 01PO6204394
Qualified in Erie County
Commission Expires 4/20/2013

wp60/IRP/CJG/Adamson-CJG affidavit

4

# EXHIBIT

# A

STATE OF NEW YORK
SUPREME COURT        :   COUNTY OF ERIE

---

ZACHARY ADAMSON                              **SUMMONS**
83 Delham Street
Buffalo, New York  14209,                    **IMMEDIATELY TURN THESE**
                                             **PAPERS OVER TO YOUR**
                                             **INSURANCE REPRESENTATIVE.**
                                             **YOUR FAILURE TO DO THIS**
                 Plaintiff,                  **MAY SUBJECT YOU TO PERSONAL**
                                             **FINANCIAL RESPONSIBILITY IN**
- vs -                                       **THIS MATTER.**

CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202                      Index No.: 2011-2568
CITY OF BUFFALO POLICE DEPARTMENT            Date Filed: 6/27/11
74 Franklin Street
Buffalo, New York 14202,
JOSEPH COOK,                                 FILED
74 Franklin Street                           06/27/2011/  13:51:52
Buffalo, New York 14202,                     ERIE COUNTY CLERK
MICHAEL KEANE,                               RCPT # 11093537
74 Franklin Street                           I 2011002568
Buffalo, New York 14202, and
SHARON ACKER,                                       3:59pm
74 Franklin Street
Buffalo, New York 14202,                            JUL 1 1 2011

                 Defendants.

---

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State.  In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

**COMPLAINT ENDORSEMENT:** That Plaintiff's Complaint against you is in the amount of see **WHEREFORE** clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.

Erie County is designated as the place of trial on basis of residences of party Defendants whom reside in Erie County, New York.

DATED:    June 24, 2011.
          Buffalo, New York

                                      Joseph C. Todoro, Esq.
                                      SPADAFORA & VERRASTRO, LLP
                                      Attorneys for Plaintiff
                                      2 Symphony Circle
                                      Buffalo, New York 14201
                                      716-854-1111

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

ZACHARY ADAMSON,

                              Plaintiff,

- vs -                                                **COMPLAINT**

CITY OF BUFFALO,
CITY OF BUFFALO POLICE DEPARTMENT,
JOSEPH COOK,
MICHAEL KEANE, and
SHARON ACKER,

                              Defendants.

---

**F I L E D**
ACTIONS & PROCEEDINGS

JUN 2 7 2011

ERIE COUNTY
CLERK'S OFFICE

The Plaintiff, by his Attorneys, SPADAFORA & VERRASTRO, LLP, for his Complaint against the Defendants, above-named, alleges as follows:

1.          This action falls within one or more of the exceptions set forth in CPLR §1602.

2.          At all times hereinafter mentioned Plaintiff was a resident of the County of Erie and State of New York.

3.          Presently and at all times hereinafter mentioned, Defendant, JOSEPH COOK, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

4.          Presently and at all times hereinafter mentioned, Defendant, MICHAEL KEANE, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

5.          Presently and at all times hereinafter mentioned, Defendant, SHARON ACKER, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

6.          Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO was a municipal corporation, incorporated under the Laws of the State of New York.

7.          Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO POLCE DEPARTMENT was the Police Department for Defendant CITY OF BUFFALO.

8.          That a Notice of Claim in writing was duly served upon the Defendants within the time prescribed by Section 50-e of the General Municipal Law of the State of New York, sworn to by or on behalf of the Plaintiff, which set forth the name and post office address of the Plaintiff, and of her Attorneys; the nature of such claim, the time when, the place where and the manner in which the claim arose, and the items of damage or injuries claimed to have been sustained as far as then practicable, and that more than thirty (30) days have elapsed since the service of such Notice, and adjustment or payment thereof has been neglected or refused by the Defendants, and this action was commenced on the claim within one (1) year and ninety (90) days after the happening of the event upon which said claim was based on injuries/damages sustained by Plaintiff.

9.          Presently and at all times hereinafter mentioned, Police Officers, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting within the scope of their employment and their acts were done in furtherance of the interests of the CITY OF BUFFALO, its agents, servants and/or employees, and the CITY OF BUFFALO POLICE DEPARTMENT, its agents, servants and/or employees.

10.        That on or about April 1, 2010, Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER did stop Plaintiff, ZACHARY ADAMSON, as he was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, without a warrant, reasonable cause or reasonable suspicion that Plaintiff was engaged in unlawful activity and/or had committed a crime, and did falsely, unlawfully, wantonly, maliciously, recklessly and/or wrongfully, with force and without Plaintiff's consent and against his will, arrested Plaintiff by forcibly placing him in custody and depriving him of his liberty.

11.        That said arrest was made without warrant or other legal process and was unlawful in that Plaintiff, ZACHARY ADAMSON, had not committed any crime or offense under the Penal Laws of the State of New York, nor was there reasonable cause and/or reasonable suspicion to believe Plaintiff had committed any crime or offense.

12.        By reason of the above, Plaintiff has suffered great emotional trauma and harm, mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION:

13.        That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "12" herein, with the same force and effect as if stated at length herein.

14.        That on or about April 1, 2010, as the Plaintiff was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, Defendants, their agents, servants and/or employees, with deliberation and malice, and without probable cause, detained and falsely arrested Plaintiff for Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

15.        Thereafter, Defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause and provocation, charged Plaintiff with the offenses of Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

16.        Thereafter, following a motion, hearing and/or trial before the City Court of Buffalo, the aforementioned charges, Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct, were dismissed and/or Plaintiff was acquitted of same.

17.        By reason of the above, Plaintiff has suffered great emotional trauma and harm and mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION:

18.        That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "17" herein, with the same force and effect as if stated at length herein.

19.        That on or about April 1, 2010, Defendants, JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, without any just cause or provocation, negligently, recklessly, maliciously and/or wantonly, with the use of physical force grabbed, jerked, pulled and twisted Plaintiff's person, forced his arms behind his back, slammed him face first against the outside of a vehicle, handcuffed him, forced him into the backseat of a vehicle with his foot and/or leg sticking out and slammed the vehicle's door on Plaintiff's leg and/or foot, all causing Plaintiff serious personal injuries as hereinafter alleged.

20.        That by reason of the aforementioned, Plaintiff sustained severe bodily injuries with accompanying pain, including but not limited to multiple lacerations and contusions about his hands, wrists, body and foot as well as injury to his neurological system, neck, back and shoulders, was rendered sick, sore, lame and disabled and was caused to suffer and still suffers great physical pain and mental anguish.

21.        By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has incurred medical expenses, will incur further medical expenses, has incurred lost wages and impairment of his earning capacity, has suffered great emotional trauma and harm and mental injury, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION:

22. That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "21" herein, with the same force and effect as if stated at length herein.

23. Defendants, CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT, their agents, servants and/or employees, were careless, reckless and/or negligent in failing to afford Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER the proper and special training necessary for the duties they could reasonably be expected to perform in the course of their employment.

24. By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, all to his damage in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION:

25. That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "24" herein, with the same force and effect as if stated at length herein.

26. Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by, wrongfully and without probable cause, arresting Plaintiff.

27.        Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by maliciously prosecuting him.

28.        Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by using an unreasonable and excessive amount of force in arresting Plaintiff.

29.        Defendants are liable because of their policy and custom of encouraging, tolerating, permitting and/or ratifying a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

30.        Defendants, individually and/or collectively, encouraged, tolerated, permitted and ratified a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

31.        This action is brought pursuant to 42 U.S.C. Sections 1983, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

32.        Plaintiff, ZACHARY ADAMSON is and was at all times relevant herein, a citizen of the United States and a resident of Buffalo, New York.

33.        At all times herein mentioned, Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and useages of the State of New York and the City of Buffalo.

34.     The actions alleged above deprived Plaintiff of the following rights, without limitation thereto:

a)     The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, all secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 6, of the New York Constitution.

b)     The right of Plaintiff to be free from unreasonable search and/or seizure and/or the use of unreasonable force in making an arrest.

35.     Defendants, individually and/or collectively, subjected Plaintiff to such deprivations by either negligent, reckless, malicious or wanton disregard of Plaintiff's rights.

36.     By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT and/or Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, individually and/or collectively, as described in the causes of action herein, together with the costs and disbursements of this action.

**WHEREFORE,** Plaintiff demands Judgment against the Defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT and/or Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, individually and/or collectively, for any damages allowed by statute and/or caselaw, including exemplary and/or punitive damages, together with the costs and disbursements of this action, and for such other and further relief as this court may deem just and proper.

DATED: June 24, 2011.
        Buffalo, New York

                                    Joseph C. Todoro, Esq.
                                    SPADAFORA & VERRASTRO, LLP
                                    Attorneys for Plaintiff
                                    Office and Post Office Address
                                    2 Symphony Circle
                                    Buffalo, New York 14201

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

              Plaintiff,                                    NOTICE OF REMOVAL

    vs.                                               CIVIL ACTION NO.

CITY OF BUFFALO, CITY OF BUFFALO POLICE        11-CV-_____
DEPARTMENT, JOSEPH COOK, MICHAEL KEANE
and SHARON ACKER

               Defendants.

Pursuant to 28 U.S.C.A. §1331, 1441 and 1446, Defendants **CITY OF BUFFALO, CITY OF**

**BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON**

**ACKER,** by the undersigned attorney hereby removes this action to the United States District Court for

the Western District of New York.  Removal is proper and this Notice of Removal is submitted by the

undersigned attorney for the following reasons:

        1.       This action is pending in the Supreme Court, of the State of New York, County of Erie,

and captioned: **ZACHARY ADAMSON vs. CITY OF BUFFALO, CITY OF BUFFALO POLICE**

**DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER**

and was filed with the **Index No. 2011002568.**  Defendant was noticed of this action by the service of a

Summons and Complaint on or about **July 6, 2011.**

        2.       Based upon the venue where this action was commenced in the state court, the United

States District Court of the Western District of New York would be the proper venue for removal of this

action.

        3.       Copies of all pleadings in this matter that have been served to date, to wit the Summons

and Complaint, are attached hereto (Exhibit A).  The defendant has not served an Answer in this matter.

        4.       This Court has jurisdiction over this action pursuant to 28 U.S.C.A. §1331.

        5.       The plaintiffs have alleged violations of federal civil rights pursuant to the provisions of

42 U.S.C.A. §1983.

6.     The defendants intends to comply with the provisions of 28 U.S.C.A. §1446(d) with regard to service of this notice upon all parties and with regard to filing of this Notice with the Court of originality.

7.     Attached is an Index referencing the Summons and Complaint as the only documents known to have been filed in this matter to date. (Exhibit B)

**WHEREFORE,** notice is hereby given that this action is removed from the New York State Supreme Court, County of Erie to the United States District Court for the Western District of New York.

**DATED:**      Buffalo, New York
               August 5, 2011

                                             Respectfully submitted,

                                             DAVID RODRIGUEZ
                                             ACTING CORPORATION COUNSEL

                                             Carmen J. Gentile
                                             Assistant Corporation Counsel
                                             *Attorney for Defendants*
                                             1132 City Hall : 65 Niagara Square
                                             Buffalo, New York 14202
                                             Tel.: (716) 851-4332
                                             Fax: (716) 851-4105
                                             E-mail: cgentile@city-buffalo.com

TO:     Clerk of United States District Court
        for the Western District of New York

        Clerk of the Supreme Court of the State of
        New York, Erie County

        Joseph C. Todoro, Esq.
        Spadafora & Verrastro, LLP
        *Attorney for Plaintiffs*
        2 Symphony Circle
        Buffalo, New York 14201
        Tel.: (716) 854-1111

T:\wp60\sem\cjg\adamsonnoticeofremoval.docx



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# A

STATE OF NEW YORK
SUPREME COURT       :   COUNTY OF ERIE

---

ZACHARY ADAMSON                                    **SUMMONS**
83 Delham Street
Buffalo, New York  14209,                          **IMMEDIATELY TURN THESE**
                                                   **PAPERS OVER TO YOUR**
                                                   **INSURANCE REPRESENTATIVE.**
                    Plaintiff,                     **YOUR FAILURE TO DO THIS**
                                                   **MAY SUBJECT YOU TO PERSONAL**
 - vs -                                            **FINANCIAL RESPONSIBILITY IN**
                                                   **THIS MATTER.**
CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202                            Index No.:   2011 - 2568
CITY OF BUFFALO POLICE DEPARTMENT                  Date Filed:  6/27/11
74 Franklin Street
Buffalo, New York 14202,        FILED
JOSEPH COOK,                    06/27/2011/  15:51:52
74 Franklin Street             ERIE COUNTY CLERK
Buffalo, New York 14202,        RCPT # 11093537
MICHAEL KEANE,                  I- 2011002568
74 Franklin Street
Buffalo, New York 14202, and
SHARON ACKER,
74 Franklin Street
Buffalo, New York 14202,

                    Defendants.

---

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State.  In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

**COMPLAINT ENDORSEMENT:** That Plaintiff's Complaint against you is in the amount of see **WHEREFORE** clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.



Erie County is designated as the place of trial on basis of residences of party Defendants whom reside in Erie County, New York.

DATED:      June 24, 2011.
            Buffalo, New York          Joseph C. Todoro, Esq.
                                       SPADAFORA & VERRASTRO, LLP
                                       Attorneys for Plaintiff
                                       2 Symphony Circle
                                       Buffalo, New York 14201
                                       716-854-1111

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ZACHARY ADAMSON,

Plaintiff,

- vs -

CITY OF BUFFALO,
CITY OF BUFFALO POLICE DEPARTMENT,
JOSEPH COOK,
MICHAEL KEANE, and
SHARON ACKER,

Defendants.

**COMPLAINT**

**F I L E D**
ACTIONS & PROCEEDINGS

JUN 2 7 2011

ERIE COUNTY
CLERK'S OFFICE

The Plaintiff, by his Attorneys, SPADAFORA & VERRASTRO, LLP, for his Complaint against the Defendants, above-named, alleges as follows:

1.      This action falls within one or more of the exceptions set forth in CPLR §1602.

2.      At all times hereinafter mentioned Plaintiff was a resident of the County of Erie and State of New York.

3.      Presently and at all times hereinafter mentioned, Defendant, JOSEPH COOK, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

4.      Presently and at all times hereinafter mentioned, Defendant, MICHAEL KEANE, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

5.     Presently and at all times hereinafter mentioned, Defendant, SHARON ACKER, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

6.     Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO was a municipal corporation, incorporated under the Laws of the State of New York.

7.     Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO POLCE DEPARTMENT was the Police Department for Defendant CITY OF BUFFALO.

8.     That a Notice of Claim in writing was duly served upon the Defendants within the time prescribed by Section 50-e of the General Municipal Law of the State of New York, sworn to by or on behalf of the Plaintiff, which set forth the name and post office address of the Plaintiff, and of her Attorneys; the nature of such claim, the time when, the place where and the manner in which the claim arose, and the items of damage or injuries claimed to have been sustained as far as then practicable, and that more than thirty (30) days have elapsed since the service of such Notice, and adjustment or payment thereof has been neglected or refused by the Defendants, and this action was commenced on the claim within one (1) year and ninety (90) days after the happening of the event upon which said claim was based on injuries/damages sustained by Plaintiff.

9.     Presently and at all times hereinafter mentioned, Police Officers, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting within the scope of their employment and their acts were done in furtherance of the interests of the CITY OF BUFFALO, its agents, servants and/or employees, and the CITY OF BUFFALO POLICE DEPARTMENT, its agents, servants and/or employees.

10.       That on or about April 1, 2010, Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER did stop Plaintiff, ZACHARY ADAMSON, as he was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, without a warrant, reasonable cause or reasonable suspicion that Plaintiff was engaged in unlawful activity and/or had committed a crime, and did falsely, unlawfully, wantonly, maliciously, recklessly and/or wrongfully, with force and without Plaintiff's consent and against his will, arrested Plaintiff by forcibly placing him in custody and depriving him of his liberty.

11.       That said arrest was made without warrant or other legal process and was unlawful in that Plaintiff, ZACHARY ADAMSON, had not committed any crime or offense under the Penal Laws of the State of New York, nor was there reasonable cause and/or reasonable suspicion to believe Plaintiff had committed any crime or offense.

12.       By reason of the above, Plaintiff has suffered great emotional trauma and harm, mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION:

13.　　　　That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "12" herein, with the same force and effect as if stated at length herein.

14.　　　　That on or about April 1, 2010, as the Plaintiff was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, Defendants, their agents, servants and/or employees, with deliberation and malice, and without probable cause, detained and falsely arrested Plaintiff for Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

15.　　　　Thereafter, Defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause and provocation, charged Plaintiff with the offenses of Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

16.　　　　Thereafter, following a motion, hearing and/or trial before the City Court of Buffalo, the aforementioned charges, Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct, were dismissed and/or Plaintiff was acquitted of same.

17.　　　　By reason of the above, Plaintiff has suffered great emotional trauma and harm and mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION:

18.         That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "17" herein, with the same force and effect as if stated at length herein.

19.         That on or about April 1, 2010, Defendants, JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, without any just cause or provocation, negligently, recklessly, maliciously and/or wantonly, with the use of physical force grabbed, jerked, pulled and twisted Plaintiff's person, forced his arms behind his back, slammed him face first against the outside of a vehicle, handcuffed him, forced him into the backseat of a vehicle with his foot and/or leg sticking out and slammed the vehicle's door on Plaintiff's leg and/or foot, all causing Plaintiff serious personal injuries as hereinafter alleged.

20.         That by reason of the aforementioned, Plaintiff sustained severe bodily injuries with accompanying pain, including but not limited to multiple lacerations and contusions about his hands, wrists, body and foot as well as injury to his neurological system, neck, back and shoulders, was rendered sick, sore, lame and disabled and was caused to suffer and still suffers great physical pain and mental anguish.

21.         By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has incurred medical expenses, will incur further medical expenses, has incurred lost wages and impairment of his earning capacity, has suffered great emotional trauma and harm and mental injury, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION:

22.        That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "21" herein, with the same force and effect as if stated at length herein.

23.        Defendants, CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT, their agents, servants and/or employees, were careless, reckless and/or negligent in failing to afford Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER the proper and special training necessary for the duties they could reasonably be expected to perform in the course of their employment.

24.        By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, all to his damage in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION:

25.        That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "24" herein, with the same force and effect as if stated at length herein.

26.        Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by, wrongfully and without probable cause, arresting Plaintiff.

27. Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by maliciously prosecuting him.

28. Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by using an unreasonable and excessive amount of force in arresting Plaintiff.

29. Defendants are liable because of their policy and custom of encouraging, tolerating, permitting and/or ratifying a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

30. Defendants, individually and/or collectively, encouraged, tolerated, permitted and ratified a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

31. This action is brought pursuant to 42 U.S.C. Sections 1983, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

32. Plaintiff, ZACHARY ADAMSON is and was at all times relevant herein, a citizen of the United States and a resident of Buffalo, New York.

33. At all times herein mentioned, Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and useages of the State of New York and the City of Buffalo.

34.     The actions alleged above deprived Plaintiff of the following rights, without limitation thereto:

a)     The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, all secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 6, of the New York Constitution.

b)     The right of Plaintiff to be free from unreasonable search and/or seizure and/or the use of unreasonable force in making an arrest.

35.     Defendants, individually and/or collectively, subjected Plaintiff to such deprivations by either negligent, reckless, malicious or wanton disregard of Plaintiff's rights.

36.     By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

**WHEREFORE,** Plaintiff demands Judgment against Defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT and/or Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, individually and/or collectively, as described in the causes of action herein, together with the costs and disbursements of this action.

**WHEREFORE,** Plaintiff demands Judgment against the Defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT and/or Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, individually and/or collectively, for any damages allowed by statute and/or caselaw, including exemplary and/or punitive damages, together with the costs and disbursements of this action, and for such other and further relief as this court may deem just and proper.

DATED:  June 24, 2011.
         Buffalo, New York

                            Joseph C. Todoro, Esq.
                            SPADAFORA & VERRASTRO, LLP
                            Attorneys for Plaintiff
                            Office and Post Office Address
                            2 Symphony Circle
                            Buffalo, New York 14201



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ZACHARY ADAMSON

       **Plaintiffs,**

      -vs-

**CITY OF BUFFALO, CITY OF BUFFALO**
**POLICE DEPARTMENT, JOSEPH COOK,**
**MICHAEL KEANE and SHARON ACKER**

      **Defendants.**

      **INDEX OF**
      **DOCUMENTS FILED:**
      **CIVIL ACTION NO.**

      All documents filed with the Erie County Clerk's Office (the Clerk of the Supreme Court, Erie County for purposes of commending a lawsuit) include:

1. Summons and Complaint filed on or about August 5, 2011 in Supreme Court, County of Erie as Index No. 2011-002568.

      Respectfully submitted,

      David Rodriguez
      Acting Corporation Counsel

      Carmen J. Gentile
      Assistant Corporation Counsel
      Attorney for Defendants
      1132 City Hall-65 Niagara Square
      Buffalo, New York 14202
      Tel.: (716) 851-4332
      Fax.: (716) 851-4105
      cgentile@city-buffalo.com

T:\wp60\sem\cjg\adamsonindex.doc

# EXHIBIT

# C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

                    Plaintiff,

vs.                                                  ANSWER
                                                     CIVIL ACTION NO.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,          11-CV- 0663 -A
MICHAEL KEANE and SHARON ACKER           DEFENDANTS DEMAND
                                         TRIAL BY JURY

                    Defendants.

The Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT,

JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, by their attorney, DAVID

RODRIGUEZ, Acting Corporation Counsel of the City of Buffalo, by CARMEN J. GENTILE,

Assistant Corporation Counsel, of counsel, for their answer to the Plaintiff's Complaint alleges,

upon information and belief:

 FIRST: Admit the allegations contained in paragraphs numbered "6" and "7" of the

Complaint.

 SECOND:  Lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraphs numbered "1 through 5", "8", "9", "16", "31",

"32" and "33" of the Complaint.

 THIRD:  Deny the allegations contained in paragraphs numbered "10", "11", "12", "14",

"15", "17", "19", "20", "21", "23", "24", "26 through 30", "34", "35" and "36" of the

Complaint.

 FOURTH:  Deny each and every other allegation of the Complaint not heretofore

specifically admitted or denied.

## AS AND FOR A FIRST DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

FIFTH:  That the injuries and/or damages as alleged in Plaintiff's Complaint were caused in whole or in part or contributed to by the culpable conduct and/or assumption of risk on the part of the Plaintiff and without any negligence, fault or want of care on the part of the Defendants.

## AS AND FOR A SECOND DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

SIXTH:  Upon information and belief Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR A THIRD DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

SEVENTH:  Upon information and belief, the arrest and/or detention of the Plaintiff was based upon probable cause and/or a valid warrant.

## AS AND FOR A FOURTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

EIGHTH:  Upon information and belief the action is barred, in whole or in part, upon the grounds of qualified immunity.

## AS AND FOR A FIFTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

NINTH:  Any use of force, if at all, was justified and reasonable under the circumstance.

## AS AND FOR A SIXTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

TENTH:   Upon information and belief all or some of Plaintiff's past and/or future medical and/or dental expenses and or loss of income and/or other economic loss have been and/or will be reimbursed by collateral source(s) and the Court must reduce any recovery by Plaintiff(s) in accordance with the provision of CPLR 4545.

### AS AND FOR A SEVENTHTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

ELEVENTH:  Upon information and belief, the Court has not obtained jurisdiction over the Defendants due to the fact that Defendants were not served with process in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE,** the Defendants demand judgment dismissing Plaintiff's Complaint herein, for such other and further relief as to this Court may deem just and proper, together with the costs and disbursements of this action.

**DATED:**      Buffalo, New York
August 5, 2011

Respectfully submitted,

DAVID RODRIGUEZ
ACTING CORPORATION COUNSEL

Carmen J. Gentile
Assistant Corporation Counsel
*Attorney for Defendants*
1132 City Hall : 65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4332
Fax: (716) 851-4105
E-mail: cgentile@city-buffalo.com

TO:      Joseph C. Todoro, Esq.
Spadafora & Verrastro, LLP
*Attorney for Plaintiffs*
2 Symphony Circle
Buffalo, New York 14201
T:\wp60\sem\cjg\adamsonanswer.docx

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

                Plaintiff,

    vs.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER
                      Defendants.

**CERTIFICATE OF SERVICE**
**CIVIL ACTION NO.**

    11-CV-0663-A

I, Carmen J. Gentile, hereby certify that on August 8, 2011, I electronically filed the foregoing Answer Pursuant to Court Order with the Clerk of the District Court using the CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

A true copy of the same in a postage paid envelope, bearing the following name and address, in a depository maintained by the United States Postal Services to the following participant in this case:

        Joseph C. Todoro, Esq.
        Spadafora & Verrastro, LLP
        *Attorney for Plaintiffs*
        2 Symphony Circle
        Buffalo, New York 14201

                Respectfully submitted,
                David Rodriguez
                Acting Corporation Counsel

                By: Carmen J. Gentile
                Assistant Corporation Counsel
                *Attorney for Defendants*
                1100 City Hall-65 Niagara Square
                Buffalo, New York 14202
                Tel.: (716) 851-4332
                Fax.: (716) 851-4105
                cgentile@city-buffalo.com

t:\wp60\scm\cjg\adamsoncertserviceanswer.docx

# EXHIBIT

# D

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
ZACHARY ADAMSON,

**PLAINTIFF'S INITIAL**
**DOCUMENT DEMAND TO**
**DEFENDANT JOSEPH COOK**

Plaintiff,

Civil Docket No. 11-CV-0663A

v.

CITY OF BUFFALO, CITY OF BUFFALO,
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

Defendants.

YOU ARE HEREBY COMMANDED to deliver to the offices of Spadafora & Verrastro, LLP, 2 Symphony Circle, Buffalo, New York 14201, attorneys for Plaintiff, within thirty (30) days of the service of this demand, the following documents:

## SCHEDULE OF DOCUMENTS FOR PRODUCTION Definitions and Instructions

1.      "Document" means any handwritten, typewritten, printed, recorded, or graphic matter however produced or reproduced, whether or not in possession, custody, or control of City of Buffalo Police Department and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, records, list, memoranda, correspondence, telegrams, schedules, computer disks, tapes, diskettes, computer memory, transcripts, photographs, sound recordings or films, and any copies of such documents upon which appear any initialing, notation or hand writing or any kind which does not appear on the original.

2.      If any privilege is claimed as to any document, please state for each document its date, author, addressee(s), format (e.g. memo, letter, notes, etc.), the nature of the privilege claimed (e.g., attorney-client, work product), and the basis for the claiming of privilege as to each specific item of information.

**REQUESTED DOCUMENTS**

1.      Produce a copy of your credentials, including any resume or other document describing current employers, past employers and work experience, and education.

2.      Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that you have taken that was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

3.      Produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

4.      Produce a copy of any materials used for training or instruction, or which were otherwise provided for your information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

5.      Produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

6.      Produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of your work activity on April 1, 2010.

7. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

11. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

12.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14.    . Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16.    Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to you by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

17.     Produce a copy of any and all use of force reports relating to the incident which occurred on April, 1 2010 at approximately 7:15 p.m.

18.     Produce a copy of any and all prior formal complaint(s) made against you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

19.     Produce a copy of your personnel file as an employee of the City of Buffalo and/or City of Buffalo Police Department.

20.     Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010.

Dated: July 2, 2012                                     Respectfully submitted,
        Buffalo, New York

                                                        Joseph C. Todoro, Esq.
                                                        SPADAFORA & VERRASTRO, LLP
                                                        Attorney for Plaintiff
                                                        2 Symphony Circle
                                                        Buffalo, New York 14201-1340
                                                        (716) 854-1111

TO:     Carmen J. Gentile, Esq.
        Assistant Corporation Counsel
        1100 City Hall, 65 Niagara Square
        Buffalo, New York 14202
        (716) 851- 4332

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,

                               Plaintiff,

    v.

CITY OF BUFFALO, CITY OF BUFFALO,
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

                             Defendants.

**PLAINTIFF'S INITIAL DOCUMENT DEMAND TO DEFENDANT MICHAEL KEANE**

**Civil Docket No. 11-CV-0663A**

YOU ARE HEREBY COMMANDED to deliver to the offices of Spadafora & Verrastro, LLP, 2 Symphony Circle, Buffalo, New York 14201, attorneys for Plaintiff, within thirty (30) days of the service of this demand, the following documents:

**SCHEDULE OF DOCUMENTS FOR PRODUCTION Definitions and Instructions**

1.     "Document" means any handwritten, typewritten, printed, recorded, or graphic matter however produced or reproduced, whether or not in possession, custody, or control of City of Buffalo Police Department and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, records, list, memoranda, correspondence, telegrams, schedules, computer disks, tapes, diskettes, computer memory, transcripts, photographs, sound recordings or films, and any copies of such documents upon which appear any initialing, notation or hand writing or any kind which does not appear on the original.

2.     If any privilege is claimed as to any document, please state for each document its date, author, addressee(s), format (e.g. memo, letter, notes, etc.), the nature of the privilege claimed (e.g., attorney-client, work product), and the basis for the claiming of privilege as to each specific item of information.

**REQUESTED DOCUMENTS**

1.     Produce a copy of your credentials, including any resume or other document describing current employers, past employers and work experience, and education.

2.     Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that you have taken that was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

3.     Produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

4.     Produce a copy of any materials used for training or instruction, or which were otherwise provided for your information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

5.     Produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

6.     Produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of your work activity on April 1, 2010.

7.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

11.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

3

12. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16. Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to you by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

4

17.     Produce a copy of any and all use of force reports relating to the incident which occurred on April, 1 2010 at approximately 7:15 p.m.

18.     Produce a copy of any and all prior formal complaint made against you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

19.     Produce a copy of your personnel file as an employee of the City of Buffalo and/or City of Buffalo Police Department.

20.     Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010.


Dated: July 2, 2012                                  Respectfully submitted,
        Buffalo, New York



                                                     Joseph C. Todoro, Esq.
                                                     SPADAFORA & VERRASTRO, LLP
                                                     Attorney for Plaintiff
                                                     2 Symphony Circle
                                                     Buffalo, New York 14201-1340
                                                     (716) 854-1111



TO:     Carmen J. Gentile, Esq.
        Assistant Corporation Counsel
        1100 City Hall, 65 Niagara Square
        Buffalo, New York 14202
        (716) 851- 4332



                                        5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,

**PLAINTIFF'S INITIAL
DOCUMENT DEMAND TO
DEFENDANT SHARON
ACKER**

Civil Docket No. 11-CV-0663A

Plaintiff,

v.

CITY OF BUFFALO, CITY OF BUFFALO,
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

Defendants.

YOU ARE HEREBY COMMANDED to deliver to the offices of Spadafora & Verrastro, LLP, 2 Symphony Circle, Buffalo, New York 14201, attorneys for Plaintiff, within thirty (30) days of the service of this demand, the following documents:

## SCHEDULE OF DOCUMENTS FOR PRODUCTION Definitions and Instructions

1.   "Document" means any handwritten, typewritten, printed, recorded, or graphic matter however produced or reproduced, whether or not in possession, custody, or control of City of Buffalo Police Department and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, records, list, memoranda, correspondence, telegrams, schedules, computer disks, tapes, diskettes, computer memory, transcripts, photographs, sound recordings or films, and any copies of such documents upon which appear any initialing, notation or hand writing or any kind which does not appear on the original.

2.   If any privilege is claimed as to any document, please state for each document its date, author, addressee(s), format (e.g. memo, letter, notes, etc.), the nature of the privilege claimed (e.g., attorney-client, work product), and the basis for the claiming of privilege as to each specific item of information.

**REQUESTED DOCUMENTS**

1.     Produce a copy of your credentials, including any resume or other document describing current employers, past employers and work experience, and education.

2.     Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that you have taken that was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

3.     Produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

4.     Produce a copy of any materials used for training or instruction, or which were otherwise provided for your information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

5.     Produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

6.     Produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of your work activity on April 1, 2010.

7.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

11.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

3

12.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16.    Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to you by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

4

17.     Produce a copy of any and all use of force reports relating to the incident which occurred on April, 1 2010 at approximately 7:15 p.m.

18.     Produce a copy of any and all prior formal complaint made against you as an employee of the City of Buffalo and/or City of Buffalo Police Department.

19.     Produce a copy of your personnel file as an employee of the City of Buffalo and/or City of Buffalo Police Department.

20.     Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010.

Dated: July 2, 2012
          Buffalo, New York

Respectfully submitted,

Joseph C. Todoro, Esq.
SPADAFORA & VERRASTRO, LLP
Attorney for Plaintiff
2 Symphony Circle
Buffalo, New York 14201-1340
(716) 854-1111

TO:     Carmen J. Gentile, Esq.
          Assistant Corporation Counsel
          1100 City Hall, 65 Niagara Square
          Buffalo, New York 14202
          (716) 851- 4332

5

# EXHIBIT

# E

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,                                    **SUBPOENA DUCES TECUM**

           Plaintiff,

      v.                                           Civil Docket No. 11-CV-0663A

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

          Defendants.

---

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: City of Buffalo Mayor, Hon. Byron W. Brown, 201 City Hall, Buffalo, New York
14202

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and permit
their inspection, copying, testing, or sampling of the material: See attached **Exhibit "A"**.

**Place:** Spadafora & Verrastro, LLP      **Date and Time:** July 30, 2012 at 10:00 am
      2 Symphony Circle
      Buffalo, New York 14201

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to
a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and
the potential consequences of not doing so, are attached as **Exhibit "B"**.

Date: July 11, 2012          Officer of the Court,
      Buffalo, New York

                    _____
                  Joseph C. Todoro, Esq.

The name, address, e-mail, and telephone number of the attorneys representing, Plaintiff,
ZACHARY ADAMSON, who issues or requests this subpoena, are:

Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201
jct@msvlaw.com
(716) 854-1111

# EXHIBIT

# A

**EXHIBIT A**

<u>You are directed to produce the following documents pursuant to this Subpoena, and as follows:</u>

      1.     Produce a copy of the credentials of City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, including any resume or other document describing current employers, past employers, work experience, and education.

      2.     Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that have been completed by City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER and/or was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

      3.     In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

      4.     In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any materials used for training or instruction, or which were otherwise provided for police officer and/or employee information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

      5.     In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

      6.     In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of their work activity on April 1, 2010.

      7.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

11.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

12.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16.    Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to JOSEPH COOK, MICHAEL KEANE and SHARON ACKER by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

17.    Produce a copy of any and all use of force reports relating to the incident involving Plaintiff, ZACHARY ADAMSON, which occurred on April, 1 2010 at approximately 7:15 p.m.

18.    Produce a copy of any and all prior formal complaint made against JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

19.    Produce a copy of JOSEPH COOK's, MICHAEL KEANE's and SHARON ACKER's personnel files as employees of the City of Buffalo and/or City of Buffalo Police Department.

20.    Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010 of JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

21.    Produce a copy of the entire police file relating to the incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

22.    Produce a copy of any and all arrest reports of any and all individuals arrested or taken into custody by any member, agent, servant or employee of the City of Buffalo and/or City of Buffalo Police Department at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

23.    Produce a copy of any and all police reports relating to the subject incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

24.    Produce a copy of any statements of any witnesses, sworn or unsworn relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

25.    Produce a copy of any other forms completed, not required, or required to be completed pursuant to applicable law or departmental regulations relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

26.    Produce a copy of any reports of any detectives or supervising officers relating to subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

27.    Produce a copy of any photographs, diagrams or other artist renderings of the individuals, things or area relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

28.    Produce a copy of any and all police examinations, analysis', or tests on any physical evidence relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

29.    Produce a list of any and all physical evidence which was seized, viewed or photographed relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

# EXHIBIT

# B

# EXHIBIT B

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZACHARY ADAMSON, | **SUBPOENA DUCES TECUM** |
| Plaintiff, | |
| v. | Civil Docket No. 11-CV-0663A |
| CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, | |
| Defendants. | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: City of Buffalo Police Commissioner, Daniel Derenda, 74 Franklin Street, Buffalo, New York 14202

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached **Exhibit "A"**.

**Place:** Spadafora & Verrastro, LLP  
2 Symphony Circle  
Buffalo, New York 14201

**Date and Time:** July 30, 2012 at 10:00 am

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached as **Exhibit "B"**.

Date: July 11, 2012  
      Buffalo, New York

Officer of the Court,

Joseph C. Todoro, Esq.

The name, address, e-mail, and telephone number of the attorneys representing, Plaintiff, ZACHARY ADAMSON, who issues or requests this subpoena, are:

Spadafora & Verrastro, LLP  
2 Symphony Circle  
Buffalo, New York 14201  
jct@msvlaw.com  
(716) 854-1111

# EXHIBIT

# A

**EXHIBIT A**

<u>You are directed to produce the following documents pursuant to this Subpoena, and as follows:</u>

     1.    Produce a copy of the credentials of City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, including any resume or other document describing current employers, past employers, work experience, and education.

     2.    Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that have been completed by City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER and/or was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

     3.    In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

     4.    In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any materials used for training or instruction, or which were otherwise provided for police officer and/or employee information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

     5.    In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

     6.    In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of their work activity on April 1, 2010.

     7.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

11.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

12.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14.    Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16.     Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to JOSEPH COOK, MICHAEL KEANE and SHARON ACKER by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

17.     Produce a copy of any and all use of force reports relating to the incident involving Plaintiff, ZACHARY ADAMSON, which occurred on April, 1 2010 at approximately 7:15 p.m.

18.     Produce a copy of any and all prior formal complaint made against JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

19.     Produce a copy of JOSEPH COOK's, MICHAEL KEANE's and SHARON ACKER's personnel files as employees of the City of Buffalo and/or City of Buffalo Police Department.

20.     Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010 of JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

21.     Produce a copy of the entire police file relating to the incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

22.     Produce a copy of any and all arrest reports of any and all individuals arrested or taken into custody by any member, agent, servant or employee of the City of Buffalo and/or City of Buffalo Police Department at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

23.     Produce a copy of any and all police reports relating to the subject incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

24. Produce a copy of any statements of any witnesses, sworn or unsworn relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

25. Produce a copy of any other forms completed, not required, or required to be completed pursuant to applicable law or departmental regulations relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

26. Produce a copy of any reports of any detectives or supervising officers relating to subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

27. Produce a copy of any photographs, diagrams or other artist renderings of the individuals, things or area relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

28. Produce a copy of any and all police examinations, analysis', or tests on any physical evidence relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

29. Produce a list of any and all physical evidence which was seized, viewed or photographed relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

# EXHIBIT

# B

# EXHIBIT B

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT

# F



# CITY OF BUFFALO
## DEPARTMENT OF LAW



BYRON W. BROWN
MAYOR

TIMOTHY A. BALL
CORPORATION COUNSEL

July 17, 2012

Joseph C. Todoro, Esq.
Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201-1340

  Re: *Adamson v. City of Buffalo, et al*

Dear Joe:

  Pursuant to your document demands dated July 2, 2012 to Defendants Joseph Cook, Michael Keane and Sharon Acker, such Defendants hereby respond as follows:

1. Defendant Joseph Cook has a high school degree and attended Brockport College for one year. He also attended Paul Smiths College for one year and received no degree. He graduated from the Police Academy in 1987. He has been a City of Buffalo Police Officer from 1991 to the present. He previously worked for the Niagara Frontier Transportation Authority from 1987 to 1991 and prior to that held a part time position for the Town of Hamburg.

  Defendant Michael Keane has a high school diploma and attended University of Buffalo for two years and received no degree. He attended the Police Academy between 1998 and 1999 and became a Buffalo Police Officer in July 1998. Prior to that, he was employed by the Public Safety Department at the Buffalo Municipal Housing Authority from February 1994 through July 1998.

  Defendant Sharon Acker has a high school diploma and also received an associates degree after attending a two year college. She attended the Police Academy and graduated in 1994 when she then became a Buffalo Police Officer. She previously had worked for the American Red Cross.

  With regard to any resume or other documentation, such information shall be provided if required by the Court at trial or pursuant to Motion.

2. The individual Defendants attended the Erie County Law Enforcement Training Academy which is located at Erie Community College North Campus. All Buffalo

Police Department hires attend the County Academy. Upon information and belief, the current director is Edward Hempling. As stated, the training academy is run through the County of Erie at Erie Community College. All information regarding training of these officers, continued education or other such issues can be available by subpoena through this institution. This information was previously provided to you by way of letter correspondence dated May 29, 2012.

3.      See response at paragraph 2.

4.      Id.

5.      None of these Defendants have any notes or other documentation taken at any training session whether it be the initial training session or any further training sessions held. With regard to documentation and other course work, please see response at paragraph 2.

6.      Only patrol officers are required to keep daily logs regarding any work activity on a particular date. These individually named Defendants are not patrol officers and are not required to keep any memorialization of work activity on any particular date.

7.      None of these individually named Defendants has kept or drafted any particular documentation regarding Plaintiff, Zachary Adamson other than what may be contained in any sanctioned police documentation relating to his arrest or with regard to what occurred on April 1, 2010. Please note that all arrest documentation and other criminal activity documentation regarding the Plaintiff was forwarded to you by way of Rule 26 Disclosures on April 3, 2012 and under cover of letter dated May 29, 2012 which was sent in response to discovery demands.

8.      See response at paragraph 7.

9.      Id.

10.     According to the individually named Defendants, there was no Use of Force Report filed with regard to this incident. Pursuant to your request for all documentation regarding Use of Force against any and all suspects or persons placed in custody or arrested relating to the individually named Defendants is overbroad and is not subject to determination.

11.     This request is overbroad since it is impossible task to determine this information with regard to all arrests ever made, or all suspects or all dealings with all persons of interest or all persons in custody at any time.

12.     No such information exists with regard to all three individually named Defendants.

13.     See response at paragraph 12.

14.     Other than the documents previously disclosed, no such information exists.

15.    This matter was the subject of an Internal Affairs Division File or Professional Standards Division File. However, as previously stated in a letter dated May 29, 2012 from this office, such matters are deemed confidential and not subject to disclosure pursuant to New York State Civil Rights Law Section 50-a.

16.    This information may be contained in the City of Buffalo Police Department Manual of Procedure.  Please note that the entire manual in total is not discoverable pursuant to Matter of Constantine v. Leto 79 NY2nd 975, which has been affirmed by the New York State Court of Appeals.  An accommodation can be made for your office to review the manual at a mutually convenient date and time and obtain any information thereto. There may be sections or provisions in the manual which may overlap or indirectly relate to the areas for which you are obtaining information therefore presumably it would be in your best interests for you or someone from your office to personally review the manual and determine what sections may be pertinent to your request rather than to have defense counsel make such determination on its own.

17.    See response at paragraph 10.

18.    Such matters are deemed confidential pursuant to New York State Civil Rights Law Section 50-a and are not discloseable if any such information does exist.

19.    See response at paragraph 18.

20.    Id.

Very truly yours,

Timothy A. Ball
Corporation Counsel

Carmen J. Gentile
Assistant Corporation Counsel

TAB:CJG:sm

T:\wp60\sem\cjg\adamsonltrtotodoro7.16.12.doc

# EXHIBIT

# G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Zachary Adamson,

                         Plaintiff,

                                                **Hon. Hugh B. Scott**

              v.                                    11CV663A

                                                **Scheduling Order**

City of Buffalo et al.,

                         Defendant.

      Pursuant to the order of the Hon. Richard J. Arcara, this case was referred to the

undersigned for pretrial procedures and the entry of a scheduling order as provided in Rule 16(b)

of the Federal Rules of Civil Procedure and Rule 16.1(a) of the Local Rules of Civil Procedure

for the Western District of New York.  A scheduling conference having been held with counsel,

it is ORDERED THAT:

1.     All motions to join other parties and to amend the pleadings shall be filed on or
before **November 4, 2011.**

2.     This case has been referred automatically to the Alternative Dispute Resolution
(ADR) program.  The ADR Plan and related forms and information are available
at www.nywd.uscourts.gov ant the Court Clerk's Office.

3.     **Within thirty (30) days of the entry of this Order**, the parties shall confer and
select a mediator, confirm that the mediator is available, ensure that the mediator
does not have a conflict with any of the parties in the case, identify a date and time
for the initial mediation session, and file a stipulation confirming their selection
on the form provided by the Court.  If the parties fail to so stipulate, the Court
shall appoint an ADR neutral.

4.     Any motions to opt out of the ADR process shall be filed **within ten (10)**

1

business days of the entry of this Order.

5.    The initial mediation session shall be held no later than **December 21, 2011** (or within 75 days after the scheduling conference).

6.    The referral to mediation shall terminate on **October 31, 2012**.  In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

7.    ***The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.***

8.    All discovery in this case shall conclude on **May 31, 2012**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

9.    The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **April 2, 2012**;  the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **May 15, 2012**  See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994.  All expert discovery shall be completed on or before **May 31, 2012.**

10.    In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **August 31, 2012**. **If no dispositive motions are filed, and no other motions are pending as of that date, the parties are directed to contact the Chambers of Hon. Richard J. Arcara within 10 days to request a trial date status conference**

11.    No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.


*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 7, 2011

2