UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

---

ZACHARY ADAMSON,

                              Plaintiff,                    **MEMORANDUM OF LAW**

- vs -

                                                                   **Civil Docket No.: 11-CV-0663A**

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT, JOSEPH COOK, MICHAEL KEANE
and SHARON ACKER,

                              Defendants.

---

STATE OF NEW YORK    )
COUNTY OF ERIE          ) S S . . .

## PRELIMINARY STATEMENT

In support of Plaintiff's, ZACHARY ADAMSON, hereinafter referred to as "Plaintiff", motion to compel discovery of documents improperly and unlawfully withheld from disclosure by Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, hereinafter collectively referred to as "Defendants", and/or an in camera review of documents at issue and an extension of time to complete discovery, the Plaintiff, through counsel, requests this Court grants Plaintiff's Motion in its entirety together with such other and further relief as this Court deems just and proper.

This Memorandum of Law is submitted in support of Plaintiff's Motion. Under the facts and circumstances of this case it is respectfully submitted that this Court, within its discretion under Federal Law, should issue an order granting Plaintiff's request for disclosure of, among others, Defendant officers' use of force reports for the subject incident and past incidents, formal complaints made against the officers, misconduct reports, personnel files, internal affairs reports and performance evaluations for five (5) years prior to the subject incident and performance evaluations after the subject accident.

This is based on the Defendants' failure to disclose documents, Plaintiff's proper requests for disclosure of documents, the lack of privilege to the information under federal law, the Defendants' failure to its burden establishing harm to Defendants if the documents are disclosed, this court's ability to conduct an in camera review of said documents if Defendants meet their burden and continuing and on-going good faith attempts by Plaintiff to secure said documents.

## POINT I

## NEW YORK STATE CIVIL RIGHTS LAW §50-a DOES NOT CREATE A PRIVILEGE UNDER FEDERAL LAW

Under Federal Rules of Civil Procedure 26 parties are required to disclose information without awaiting for a discovery request. The information should include, among others, a copy or description by category and location of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment F.R.Civ.P. 26 (a)(1)(A)(ii).

Federal Rules of Civil Procedure 34 works in conjunction with F.R.Civ.P. 26 to requiring parties to produce and permit the requesting party or its representative to inspect, copy, test, or sample various items. The items include designated documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form F.R.Civ.P. 34 (a)(1)(A).

Here, the Defendants failed to properly disclose the documents requested by the Plaintiff pursuant to F. R.Civ.P. 26 and 34. Furthermore, the Defendants have improperly deemed the requested documents as privileged material based on New York State Law.

It is clear that New York Civil Rights Law §50-a does not create a privilege in a Federal Court. In Silmon v. City of Buffalo, 2012 WL 1565680, at *1 (W.D.N.Y. May 1, 2012), this court acknowledged that the Defendants, City of Buffalo and police officers, were mistaken in its assertion of a privilege under New York Civil Rights Law §50-a. In Silmon, the case was properly removed to federal court based on a civil rights action under 42 U.S.C. § 1983. This court further acknowledged it is undisputed that under federal law, New York Civil Rights Law §50-a does not prohibit discovery of police personnel documents Hill v. Curcione, 2012 WL 111403, at *3 (W.D.N.Y. Mar. 30, 2012) (citing Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988); Paulding v. City of Buffalo, 2011 WL 5187953, at *3 (W.D.N.Y. Nov. 1, 2011).

In Martin, the police officer incorrectly uses New York Civil Rights Law §50-a as a privilege to prevent him from having to produce personnel records for discovery. The court ruled that §50-a is not intended to restrict access to information plainly relevant to a civil action. If the records contain matter that is relevant and material in that action, such portions may be disclosed.

Moreover, this court states that New York Civil Rights Law §50-a is not really a privilege in the sense that it could justify complete refusal to disclose relevant evidence Id. at 146. A non-disclosure or "confidentiality" provision in a statute may not always create an evidentiary privilege, especially if the legislature did not explicitly create one Id. Merely asserting that a state statute declares that the records in question are "confidential" does not make out a sufficient claim that the records are privileged within the meaning of Fed. R. Civ. P. 26(b)(1) Id. In addition, the question of privilege is governed by Fed. R. Evid. 501 and, with respect to an action in which the complaint alleges a federal claim, rule 501 directs the court to the federal common law of privilege Id. at 145.

The analysis of this court in the above cases is directly on point with the present disclosure issues. Here, Plaintiff's civil rights cause of action against the Defendants, including three police officers, was properly removed to federal court. Therefore, it is without question, New York Civil Rights Law §50-a does not create a privilege as asserted by Defendants to prevent disclosure and/or discovery of Defendants' personnel documents including use of force reports for the subject incident and past incidents, formal complaints made against the officers, personnel files, internal affairs reports and performance evaluations for five (5) years prior to the subject incident and performance evaluations after the subject incident.

## POINT II

### POLICE PERSONNEL RECORDS, INTERNAL AFFAIRS RECORDS, DISCIPLINARY RECORDS AND MISCONDUCT COMPLAINTS ARE DISCOVERABLE

In Silmon, this court acknowledged that a police officer's personnel file, internal affairs or professional misconduct files and investigative reports, in hard copy or electronic format, are subject to disclosure and discovery (See also, Hill, Martin and Paulding).

Similarly, in King v. Conde, 121 F.R.D. 180 (E.D. N.Y. 1988), the federal court held that the great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery. The court in King allowed discovery and directed disclosure of prior complaints, disciplinary actions, internal investigations and personnel records of the police officers Id. at 186 and 195.

Here, Plaintiff seeks, similar if not the same, information that has been deemed open to disclosure and/or discovery by this court. In addition, the Plaintiff here has requested specific documents that would be included in a personnel file, internal affairs or professional misconduct file and investigative reports.

Therefore, it is clear, that the Defendants' personnel files, internal affairs or professional misconduct files and investigative reports including use of force reports for the subject incident and past incidents, formal complaints made against the officers and performance evaluations for five years prior to the subject incident and performance evaluations after the subject incident are discoverable and subject to disclosure.

## POINT III

## BURDEN IS ON THE PARTY EVOKING PRIVILEGE TO JUSTIFY ITS APPLICATION IN FEDERAL COURT

The federal courts in New York must use a balancing test to determine if a party seeking to prevent disclosure of documents has met its burden. There are a few variations of balancing tests for a federal court to utilize in its analysis on whether to allow discovery of documents purported to be subject to a privilege. This court recently addressed the two-pronged balancing test requirements in Silmon and adopted the test used in King.

It is undisputed that the burden is on the Defendants, as the party seeking to prevent disclosure of documents and information, to substantially show that disclosure of specific information would result in specific harm to identified important interests King at 190. Furthermore, a failure of such showing results in direct disclosure Id.

This court in Silmon, held that in the first prong, the police bear the burden of making a substantial threshold showing that harm is likely to occur as a result of disclosure of the requested documents (See also Dorsett v. County of Nassau, 762 F. Supp. 2d 500, 532 (E.D.N.Y. 2011) (quoting Cody v. N.Y. State Div. of State Police, No. CV 07-3735 (LDW)(ETB), 2008 WL 3252081, at *3 (E.D.N.Y. July 31, 2011).

In addition, in <u>Silmon</u>, this court, whiling citing <u>King</u>, held that the threshold burden requires that Defendants with particularity and through competent declarations, show what interests of law enforcement or privacy would be harmed and how much harm there would be with disclosure of the requested documents. Further, this court, in <u>Silmon</u>, ordered that failure to make a showing of harm, results in court-ordered disclosure (See also <u>Hill v. Curcione</u>).

Here, the Defendants have failed to meet its threshold burden of showing harm. The Defendants have not provided, with particularity and through competent declarations, what interests of law enforcement or privacy would be harmed through disclosure of the requested documents. The Defendants have merely responded to Plaintiff's requests by citing a vague privilege under New York Civil Rights Law §50-a. Therefore, this court should order immediate disclosure of the requested documents.

## POINT IV

THE INFORMATION REQUESTED IS RELEVANT AND MATERIAL TO PLAINTIFF'S ACTION

In <u>Silmon</u>, this court held that only if the Defendants carry their threshold burden then the second prong of the analysis is required. The second prong requires each side to provide factors for or against disclosure of the requested documents to the court for consideration <u>Id</u> at *4.

The factors in favor of disclosure are relevancy to Plaintiff's case, their relative importance, the strength of Plaintiff's case and the public's interest in disclosure <u>Id</u>. (See also <u>Cody</u>, 2008 WL 3252081, at *3). Moreover, throughout the entire second prong analysis, the burden remains on the party seeking to prevent disclosure <u>Id</u>. (See also <u>King</u> at 191-194).

6

It is clear that in federal cases the fundamental policy is that discovery should be broad and any relevant materials, including those reasonably calculated to lead to admissible evidence, should be accessible King at 194. (See also United States v. Proctor & Gamble Co., U.S. 677, 682, 78 S. Ct. 983, 986, 2 L.Ed. 2d 1077 (1958); Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc., 756 F.2d 230, 236 (2nd Cir. 1985). In addition, discovery in federal court is of broader scope than admissibility, and discovery may be had of inadmissible matters Trammel v. United States, 445 U.S. 40, 48, 100 S. Ct. 906, 911, 63 L.ed. 2d 186 (1980); Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 127 (N.D.N.Y. 1984).

The court must consider the Plaintiff's need for the information, including the availability of the information from alternative sources King at 194. Here, the documents sought for disclosure are in the excusive control of the Defendants, and are not available through an alternate source. The information is material, relevant, very important to Plaintiff's case and Plaintiff needs the information to properly and fully litigate his causes of action including, violations of his civil rights. Here, the materials sought are in the possession of the Defendants. Thus, the court should not require the Plaintiff to prove the relevance of specific items or to prove the information is unavailable elsewhere but should err on the side of wider discovery Id. at 195.

The court must also consider the strength of Plaintiff's case. However, this factor should not be given as much weight and must not reach so far as to put the Plaintiff in a Catch-22 because the Plaintiff may not be able to demonstrate the strength of his or her case without the requested materials themselves Id. at 195. Also, this court should tread lightly on this rationale and "doubts must be resolved, at the discovery stage, in favor of the civil rights claimant" Id. Here, the Plaintiff's genuine claims, including violation of his civil rights, are supported by the dismissal of any and all criminal charges for lack of evidence surrounding the April 1, 2010 unlawful arrest of Plaintiff. Plaintiff will know the strength of his claims subsequent to proper disclosure of the requested documents.

Lastly, the court must weigh the importance to public interest. The interest that without doubt looms largest in these cases is the public interest in giving force to the federal civil rights laws, Id. Through constitutional amendment and national legislation the people have made it clear that the policies that inform the federal civil rights laws are profound Id. at 195. Lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure:

> "Each citizen acts as a private attorney general who 'takes on the mantel of the sovereign,' guarding for all of us the individual liberties enunciated in the Constitution Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden."

In a federal civil rights action, a claim that the evidence is privileged "must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action King at 195. Furthermore, the great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery and together these powerful public policies suggest that a Defendants' case for restricted disclosures must be extremely persuasive Id. Here, the Defendants have provided no reason for the information being withheld besides an incorrect and vague reliance on New York Civil Rights Law §50-a. Even if the Defendants attempt to provide reasons for their improper withholding of documents, those reasons will not rise to the level required to trump public policy in favor of disclosure because they cannot adequately establish any threat to police safety, invasion of an officer's privacy, chilling of internal investigation and citizen complainant candor and the policy behind New York State law, therefore failing to meet their burden of proof (see Silmon at *5).

## POINT V

### AN IN CAMERA REVIEW IS PROPER WHEN NECESSARY

Assuming arguendo, this court believes the Defendants have met their burden of proof, establishing with particularity and through competent declarations, what interests of law enforcement or privacy would be harmed and how much harm there would be with disclosure of the requested documents, to prevent immediate disclosure of the documents then this court should conduct an in camera review to determine what documents should be disclosed based on the court's analysis and two pronged test (see Silmon at *6).

Here, if this court conducts an in camera review, the court should order disclosure of the requested documents based on the balancing two pronged test as outlined above. After analysis, it is clear the two pronged balancing test favors the Plaintiff and disclosure of the requested documents.

## POINT VI

### THE TIME IN WHICH TO COMPLETE DISCOVERY SHOULD BE EXTENDED

Pursuant to Federal Rules of Civil Procedure 16, it is clear that, upon proper application, this court has the ability to extend the time in which to complete discovery based on circumstances that warrant additional time. Presently, Plaintiff cannot properly complete paper discovery, conduct depositions and complete all discovery, including future discovery, until after this motion has been decided and proper and complete disclosure of documents at issue has occurred.

Following the ruling on this motion, Plaintiff requests the court issue a new scheduling order or holds a scheduling conference to determine same.

## CONCLUSION

Under the facts and circumstances of this case it is respectfully submitted that this Court should issue an order granting Plaintiff's motion to compel discovery and extend the time in which to complete discovery in this matter, together with any such relief that the Court deems just and proper.

DATED: July 30, 2012
        Buffalo, New York

                                      Joseph C. Todoro, Esq.
                                      SPADAFORA & VERRASTRO, LLP
                                      Attorneys for Plaintiff
                                      2 Symphony Circle
                                      Buffalo, New York 14202
                                      (716) 854-1111