Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

FILED
ACTIONS & PROCEEDINGS
AUG 0 5 2011
ERIE COUNTY
CLERK'S OFFICE

AUG 5  2011

BY:

Plaintiff,

vs.

NOTICE OF REMOVAL
CIVIL ACTION NO.

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT, JOSEPH COOK, MICHAEL KEANE
and SHARON ACKER

11-CV-_____

11 CV 0663-A

Defendants.

Pursuant to 28 U.S.C.A. §1331, 1441 and 1446, Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, by the undersigned attorney hereby removes this action to the United States District Court for the Western District of New York.  Removal is proper and this Notice of Removal is submitted by the undersigned attorney for the following reasons:

1.      This action is pending in the Supreme Court, of the State of New York, County of Erie, and captioned: **ZACHARY ADAMSON vs. CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER** and was filed with the **Index No. 2011002568.**  Defendant was noticed of this action by the service of a Summons and Complaint on or about **July 6, 2011.**

2.      Based upon the venue where this action was commenced in the state court, the United States District Court of the Western District of New York would be the proper venue for removal of this action.

3.      Copies of all pleadings in this matter that have been served to date, to wit the Summons and Complaint, are attached hereto (Exhibit A).  The defendant has not served an Answer in this matter.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C.A. §1331.

5.      The plaintiffs have alleged violations of federal civil rights pursuant to the provisions of 42 U.S.C.A. §1983.

6.      The defendants intends to comply with the provisions of 28 U.S.C.A. §1446(d) with regard to service of this notice upon all parties and with regard to filing of this Notice with the Court of originality.

7.      Attached is an Index referencing the Summons and Complaint as the only documents known to have been filed in this matter to date. (Exhibit B)

**WHEREFORE,** notice is hereby given that this action is removed from the New York State Supreme Court, County of Erie to the United States District Court for the Western District of New York.

**DATED:**      Buffalo, New York
                August 5, 2011

                                        Respectfully submitted,

                                        DAVID RODRIGUEZ
                                        ACTING CORPORATION COUNSEL

                                        Carmen J. Gentile
                                        Assistant Corporation Counsel
                                        *Attorney for Defendants*
                                        1132 City Hall : 65 Niagara Square
                                        Buffalo, New York 14202
                                        Tel.: (716) 851-4332
                                        Fax: (716) 851-4105
                                        E-mail: cgentile@city-buffalo.com

TO:     Clerk of United States District Court
        for the Western District of New York

        Clerk of the Supreme Court of the State of
        New York, Erie County

        Joseph C. Todoro, Esq.
        Spadafora & Verrastro, LLP
        *Attorney for Plaintiffs*
        2 Symphony Circle
        Buffalo, New York 14201
        Tel.: (716) 854-1111

T:\wp60\sem\cjg\adamsonnoticeofremoval.docx



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# A

STATE OF NEW YORK
SUPREME COURT    :   COUNTY OF ERIE

---

ZACHARY ADAMSON
83 Delham Street
Buffalo, New York  14209,

                    Plaintiff,

- vs -

CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202
CITY OF BUFFALO POLICE DEPARTMENT
74 Franklin Street
Buffalo, New York 14202,
JOSEPH COOK,
74 Franklin Street
Buffalo, New York 14202,
MICHAEL KEANE,
74 Franklin Street
Buffalo, New York 14202, and
SHARON ACKER,
74 Franklin Street
Buffalo, New York 14202,

                    Defendants.

**SUMMONS**

**IMMEDIATELY TURN THESE
PAPERS OVER TO YOUR
INSURANCE REPRESENTATIVE.
YOUR FAILURE TO DO THIS
MAY SUBJECT YOU TO PERSONAL
FINANCIAL RESPONSIBILITY IN
THIS MATTER.**

Index No.: 2011 - 2568
Date Filed: 6/27/11

FILED
06/27/2011/  15:51:52
ERIE COUNTY CLERK
RCPT # 11093537
T 2011002568

POLICE COMMISSIONER

RECEIVED B.P.D.
2011 JUL -6  AM 11: 33

---

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State.  In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

**COMPLAINT ENDORSEMENT:** That Plaintiff's Complaint against you is in the amount of see **WHEREFORE** clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.



Erie County is designated as the place of trial on basis of residences of party Defendants whom reside in Erie County, New York.

DATED:      June 24, 2011.
            Buffalo, New York

            Joseph C. Todoro, Esq.
            SPADAFORA & VERRASTRO, LLP
            Attorneys for Plaintiff
            2 Symphony Circle
            Buffalo, New York 14201
            716-854-1111

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

ZACHARY ADAMSON,

                    Plaintiff,

- vs -                                          **COMPLAINT**

CITY OF BUFFALO,
CITY OF BUFFALO POLICE DEPARTMENT,              F I L E D
JOSEPH COOK,                                    ACTIONS & PROCEEDINGS
MICHAEL KEANE, and
SHARON ACKER,                                   JUN 2 7 2011

                    Defendants.                 ERIE COUNTY
                                                CLERK'S OFFICE

The Plaintiff, by his Attorneys, SPADAFORA & VERRASTRO, LLP, for his Complaint against the Defendants, above-named, alleges as follows:

1.        This action falls within one or more of the exceptions set forth in CPLR §1602.

2.        At all times hereinafter mentioned Plaintiff was a resident of the County of Erie and State of New York.

3.        Presently and at all times hereinafter mentioned, Defendant, JOSEPH COOK, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

4.        Presently and at all times hereinafter mentioned, Defendant, MICHAEL KEANE, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

5.        Presently and at all times hereinafter mentioned, Defendant, SHARON ACKER, was and still is a Police Officer for Defendant CITY OF BUFFALO and Defendant CITY OF BUFFALO POLICE DEPARTMENT.

6.        Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO was a municipal corporation, incorporated under the Laws of the State of New York.

7.        Presently and at all times hereinafter mentioned, Defendant CITY OF BUFFALO POLCE DEPARTMENT was the Police Department for Defendant CITY OF BUFFALO.

8.        That a Notice of Claim in writing was duly served upon the Defendants within the time prescribed by Section 50-e of the General Municipal Law of the State of New York, sworn to by or on behalf of the Plaintiff, which set forth the name and post office address of the Plaintiff, and of her Attorneys; the nature of such claim, the time when, the place where and the manner in which the claim arose, and the items of damage or injuries claimed to have been sustained as far as then practicable, and that more than thirty (30) days have elapsed since the service of such Notice, and adjustment or payment thereof has been neglected or refused by the Defendants, and this action was commenced on the claim within one (1) year and ninety (90) days after the happening of the event upon which said claim was based on injuries/damages sustained by Plaintiff.

9.        Presently and at all times hereinafter mentioned, Police Officers, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting within the scope of their employment and their acts were done in furtherance of the interests of the CITY OF BUFFALO, its agents, servants and/or employees, and the CITY OF BUFFALO POLICE DEPARTMENT, its agents, servants and/or employees.

10.        That on or about April 1, 2010, Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER did stop Plaintiff, ZACHARY ADAMSON, as he was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, without a warrant, reasonable cause or reasonable suspicion that Plaintiff was engaged in unlawful activity and/or had committed a crime, and did falsely, unlawfully, wantonly, maliciously, recklessly and/or wrongfully, with force and without Plaintiff's consent and against his will, arrested Plaintiff by forcibly placing him in custody and depriving him of his liberty.

11.        That said arrest was made without warrant or other legal process and was unlawful in that Plaintiff, ZACHARY ADAMSON, had not committed any crime or offense under the Penal Laws of the State of New York, nor was there reasonable cause and/or reasonable suspicion to believe Plaintiff had committed any crime or offense.

12.        By reason of the above, Plaintiff has suffered great emotional trauma and harm, mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION:

13.      That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "12" herein, with the same force and effect as if stated at length herein.

14.      That on or about April 1, 2010, as the Plaintiff was lawfully on the premises known as 585 Elmwood Avenue located in the City of Buffalo, County of Erie and State of New York, Defendants, their agents, servants and/or employees, with deliberation and malice, and without probable cause, detained and falsely arrested Plaintiff for Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

15.      Thereafter, Defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause and provocation, charged Plaintiff with the offenses of Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct.

16.      Thereafter, following a motion, hearing and/or trial before the City Court of Buffalo, the aforementioned charges, Obstructing Governmental Administration 2nd degree and two counts of Disorderly Conduct, were dismissed and/or Plaintiff was acquitted of same.

17.      By reason of the above, Plaintiff has suffered great emotional trauma and harm and mental injury, physical injury, economical damage, has incurred legal expenses, has been deprived of his physical liberty and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION:

18.     That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "17" herein, with the same force and effect as if stated at length herein.

19.     That on or about April 1, 2010, Defendants, JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, without any just cause or provocation, negligently, recklessly, maliciously and/or wantonly, with the use of physical force grabbed, jerked, pulled and twisted Plaintiff's person, forced his arms behind his back, slammed him face first against the outside of a vehicle, handcuffed him, forced him into the backseat of a vehicle with his foot and/or leg sticking out and slammed the vehicle's door on Plaintiff's leg and/or foot, all causing Plaintiff serious personal injuries as hereinafter alleged.

20.     That by reason of the aforementioned, Plaintiff sustained severe bodily injuries with accompanying pain, including but not limited to multiple lacerations and contusions about his hands, wrists, body and foot as well as injury to his neurological system, neck, back and shoulders, was rendered sick, sore, lame and disabled and was caused to suffer and still suffers great physical pain and mental anguish.

21.     By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has incurred medical expenses, will incur further medical expenses, has incurred lost wages and impairment of his earning capacity, has suffered great emotional trauma and harm and mental injury, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION:

22.         That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "21" herein, with the same force and effect as if stated at length herein.

23.         Defendants, CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT, their agents, servants and/or employees, were careless, reckless and/or negligent in failing to afford Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER the proper and special training necessary for the duties they could reasonably be expected to perform in the course of their employment.

24.         By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, all to his damage in a sum of money exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION:

25.         That the Plaintiff, ZACHARY ADAMSON, repeats, re-alleges and re-iterates each and every allegation set forth in paragraphs numbered "1" through "24" herein, with the same force and effect as if stated at length herein.

26.         Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by, wrongfully and without probable cause, arresting Plaintiff.

27.     Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by maliciously prosecuting him.

28.     Plaintiff, ZACHARY ADAMSON, complaining of Defendants, alleges that Defendants violated certain rights guaranteed under the United States Constitution and New York Constitution by using an unreasonable and excessive amount of force in arresting Plaintiff.

29.     Defendants are liable because of their policy and custom of encouraging, tolerating, permitting and/or ratifying a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

30.     Defendants, individually and/or collectively, encouraged, tolerated, permitted and ratified a pattern of illegal arrests, imprisonment, malicious prosecution, assault and/or use of excessive force which was known to them or which should have been known to them.

31.     This action is brought pursuant to 42 U.S.C. Sections 1983, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

32.     Plaintiff, ZACHARY ADAMSON is and was at all times relevant herein, a citizen of the United States and a resident of Buffalo, New York.

33.     At all times herein mentioned, Police Officers JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and useages of the State of New York and the City of Buffalo.

34.     The actions alleged above deprived Plaintiff of the following rights, without limitation thereto:

a)     The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, all secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 6, of the New York Constitution.

b)     The right of Plaintiff to be free from unreasonable search and/or seizure and/or the use of unreasonable force in making an arrest.

35.     Defendants, individually and/or collectively, subjected Plaintiff to such deprivations by either negligent, reckless, malicious or wanton disregard of Plaintiff's rights.

36.     By reason of the above, Plaintiff suffered and continues to suffer from said physical injuries, which are permanent in nature, has suffered great emotional trauma and harm and mental injury, has incurred legal expenses, has been deprived of his physical liberty, has incurred lost wages and impairment of his earning capacity, has incurred medical expenses, will incur future medical expenses, and has been deprived of his rights guaranteed under the United States Constitution, the New York Constitution, and the laws of the State of New York, and claims compensatory and/or punitive damages in a sum of money exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT and/or Police Officers JOSEPH COOK, MICHAEL KEANE and/or SHARON ACKER, individually and/or collectively, as described in the causes of action herein, together with the costs and disbursements of this action.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

        Plaintiffs,

      -vs-

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER

        Defendants.

INDEX OF
DOCUMENTS FILED:
CIVIL ACTION NO.

        All documents filed with the Erie County Clerk's Office (the Clerk of the Supreme Court, Erie County for purposes of commending a lawsuit) include:

1.   Summons and Complaint filed on or about August 5, 2011 in Supreme Court, County of Erie as Index No. 2011-002568.

                 Respectfully submitted,

                 David Rodriguez
                 Acting Corporation Counsel

                 Carmen J. Gentile
                 Assistant Corporation Counsel
                 Attorney for Defendants
                 1132 City Hall-65 Niagara Square
                 Buffalo, New York 14202
                 Tel.: (716) 851-4332
                 Fax.: (716) 851-4105
                 cgentile@city-buffalo.com

T:\wp60\sem\cjg\adamsonindex.doc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

                    Plaintiff,

        vs.

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT, JOSEPH COOK, MICHAEL KEANE
and SHARON ACKER

                    Defendants.

CERTIFICATE OF SERVICE
CIVIL ACTION NO.

        11-CV-

        I, Carmen J. Gentile, Assistant Corporation Counsel of counsel to David Rodriguez, Acting Corporation Counsel for the City of Buffalo and hereby representing the Defendants certifies that the foregoing **Notice of Removal and attachments thereto** were caused to be filed with the Clerk of the United States District for the Western District of New York on **August 5, 2011 and** such Notice of Removal and exhibits thereto were also caused to be filed with the Court Clerk for the New York State Supreme Court, County of Erie on said date.

        On said date a true copy of the aforementioned documents were served via First Class Mail to the following parties of record:

        Joseph C. Todoro, Esq.
        Spadafora & Verrastro, LLP
        *Attorney for Plaintiffs*
        2 Symphony Circle
        Buffalo, New York 14201

                                Respectfully submitted,
                                David Rodriguez
                                Acting Corporation Counsel

                                By: Carmen J. Gentile
                                Assistant Corporation Counsel
                                *Attorney for Defendants*
                                1100 City Hall-65 Niagara Square
                                Buffalo, New York 14202
                                Tel.: (716) 851-4332
                                Fax.: (716) 851-4105
                                cgentile@city-buffalo.com

t:\wp60\sem\cjg\adamsoncertserviceNotRem.doc

℀JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ZACHARY ADAMSON

**DEFENDANTS**
CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE, SHARON ACKER

(b) County of Residence of First Listed Plaintiff   ERIE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ERIE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph C. Todoro, Esq., Spadafora & Verrastro, LLP, 2 Symphony Circle, Buffalo, New York 14201(716) 854-1111

Attorneys (If Known)
David Rodriguez, Acting Corporation Counsel, Carmen J. Gentile, of counsel, 65 Niagara Square, 1100 City Hall, Buffalo, NY 14202 (716) 851-4332

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

*PERSONAL INJURY*
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**

☐ 510 Motions to Vacate Sentence
*Habeas Corpus:*
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
42 U.S.C. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23       DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):       JUDGE                            DOCKET NUMBER

DATE  7-31-11
SIGNATURE OF ATTORNEY OF RECORD   [signature]

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____