Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON

        Plaintiff,
vs.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER

        Defendants.

ANSWER
CIVIL ACTION NO.

11-CV- 0663-A
DEFENDANTS DEMAND
TRIAL BY JURY

The Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, by their attorney, DAVID RODRIGUEZ, Acting Corporation Counsel of the City of Buffalo, by CARMEN J. GENTILE, Assistant Corporation Counsel, of counsel, for their answer to the Plaintiff's Complaint alleges, upon information and belief:

FIRST: Admit the allegations contained in paragraphs numbered "6" and "7" of the Complaint.

SECOND: Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered "1 through 5", "8", "9", "16", "31", "32" and "33" of the Complaint.

THIRD: Deny the allegations contained in paragraphs numbered "10", "11", "12", "14", "15", "17", "19", "20", "21", "23", "24", "26 through 30", "34", "35" and "36" of the Complaint.

FOURTH: Deny each and every other allegation of the Complaint not heretofore specifically admitted or denied.

## AS AND FOR A FIRST DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

FIFTH: That the injuries and/or damages as alleged in Plaintiff's Complaint were caused in whole or in part or contributed to by the culpable conduct and/or assumption of risk on the part of the Plaintiff and without any negligence, fault or want of care on the part of the Defendants.

## AS AND FOR A SECOND DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

SIXTH: Upon information and belief Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR A THIRD DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

SEVENTH: Upon information and belief, the arrest and/or detention of the Plaintiff was based upon probable cause and/or a valid warrant.

## AS AND FOR A FOURTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

EIGHTH: Upon information and belief the action is barred, in whole or in part, upon the grounds of qualified immunity.

## AS AND FOR A FIFTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

NINTH: Any use of force, if at all, was justified and reasonable under the circumstance.

## AS AND FOR A SIXTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

TENTH: Upon information and belief all or some of Plaintiff's past and/or future medical and/or dental expenses and or loss of income and/or other economic loss have been and/or will be reimbursed by collateral source(s) and the Court must reduce any recovery by Plaintiff(s) in accordance with the provision of CPLR 4545.

## AS AND FOR A SEVENTHTH DEFENSE TO PLAINTIFF'S COMPLAINT, THESE DEFENDANTS HEREIN ALLEGE:

ELEVENTH: Upon information and belief, the Court has not obtained jurisdiction over the Defendants due to the fact that Defendants were not served with process in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, the Defendants demand judgment dismissing Plaintiff's Complaint herein, for such other and further relief as to this Court may deem just and proper, together with the costs and disbursements of this action.

**DATED:**   Buffalo, New York
August 5, 2011

Respectfully submitted,

DAVID RODRIGUEZ
ACTING CORPORATION COUNSEL

Carmen J. Gentile
Assistant Corporation Counsel
*Attorney for Defendants*
1132 City Hall : 65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4332
Fax: (716) 851-4105
E-mail: cgentile@city-buffalo.com

TO:   Joseph C. Todoro, Esq.
Spadafora & Verrastro, LLP
*Attorney for Plaintiffs*
2 Symphony Circle
Buffalo, New York 14201

T:\wp60\sem\cjg\adamsonanswer.docx

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZACHARY ADAMSON

           Plaintiff,

vs.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER
           Defendants.

CERTIFICATE OF SERVICE
CIVIL ACTION NO.

11-CV-0663-A

---

    I, Carmen J. Gentile, hereby certify that on August 8, 2011, I electronically filed the foregoing Answer Pursuant to Court Order with the Clerk of the District Court using the CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

    A true copy of the same in a postage paid envelope, bearing the following name and address, in a depository maintained by the United States Postal Services to the following participant in this case:

> Joseph C. Todoro, Esq.
> Spadafora & Verrastro, LLP
> *Attorney for Plaintiffs*
> 2 Symphony Circle
> Buffalo, New York 14201

Respectfully submitted,
David Rodriguez
Acting Corporation Counsel

By: Carmen J. Gentile
Assistant Corporation Counsel
*Attorney for Defendants*
1100 City Hall-65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4332
Fax.: (716) 851-4105
cgentile@city-buffalo.com

t:\wp60\sem\cjg\adamsoncertserviceanswer.docx

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZACHARY ADAMSON

        Plaintiff,

vs.

CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER

        Defendants.

DEFENDANTS' FIRST SET OF INTERROGATORIES

CIVIL ACTION NUMBER:

11-CV- 0663-A

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs are hereby requested to answer, under oath, the following interrogatories within thirty (30) days after service. These interrogatories shall be deemed continuing so as to require supplemental answers if you obtain further information between your response and the time of trial.

For each interrogatory, please answer in a <u>separate</u> paragraph as and for each of the seven plaintiffs:

1. State the full name, date and place of birth and Social Security number of the plaintiff(s). Please indicate all names and aliases that the plaintiff has been known by.

2. State the address(es) at which plaintiff(s) has resided in the last twenty years and the respective dates of residence. If incarcerated at any time during that period, state the name of the facility and dates confined at each.

3. Separately state the date and time of the plaintiff's detentions and/or arrests, with regard to this matter, including date and time of release from custody. If not detained or arrested, state any allegations relevant to temporary restraining of the plaintiff and the time frame that the

plaintiff(s) was/were temporarily restrained.

4. State each and every charge which was made against the plaintiff(s) and its disposition, including the dates and place of disposition.

5. Please state specifically the following information with regard to the allegations stated within the complaint:

   a. State the time of day and date when the plaintiff(s) was allegedly assaulted and/or beaten and/or battered.

   b. State the specific place within the building or outer area where the incident took place, stating references to the surrounds of the area.

   c. State specifically the person who it is allegedly assaulted, beat or battered the plaintiff, identifying the individual by full name, and description to include race, approximate age, height and weight, hair color and eye color.

   d. State specifically what part of the accused person came into contact with the plaintiff, and where the plaintiff was struck on her body.

6. State all witnesses' names, addresses and telephone numbers known to the plaintiff(s), or any attorney or persons acting on their behalf, with regard to the subject incident.

7. If the plaintiff(s) has/have ever been convicted for a felony and/or a misdemeanor, describe the offense or offenses and when and where committed, and under what name or names the plaintiff(s) was/were convicted, and when and in what court, city, county and state. State the initial charges and the final plea, verdict or disposition(s).

8. Please set forth all physical and/or emotional injuries and property damages sustained in the subject incident, listing the damages for each plaintiff separately, and including all medical providers names for each of the physical and/or emotional damages.

9. Please set forth in detail all monetary damages sustained by the plaintiff(s) as a result of the incident, listing the damages for each of the plaintiffs separately.

10. Please set forth in detail all pre-existing physical conditions or injuries of the plaintiff(s) which were in existence prior to the incident giving rise to this lawsuit.

11. Please set forth by name and address all physicians, hospitals, and medical care providers who provided treatment to each plaintiff(s) for injuries alleged as a result of the subject incident and for pre-existing injuries and/or conditions, including dates of treatment, type of service provided, and whether treatment was for injuries alleged in the subject incident or for pre-existing injuries or conditions.

Please forward HIPAA compliant authorizations to allow our office to access the medical records of all treating medical providers.

Please note if the plaintiff(s) continue to treat for the injuries, and if so, separately note the name of each provider which continues to provide services to the plaintiff(s). If no medical treatment was provided or required, please set forth a statement stating same.

12. Please set forth the date and location of any surgery performed on plaintiff(s), including name of surgeon, date of surgery and facility where surgery was conducted. Please note if no surgeries were performed.

13. Please set forth in detail the plaintiff(s) educational and work history, including name of employer(s) and/or school(s) for the past ten years, including dates, and occupational title or school grade level at time of incident.

If plaintiff is disabled, please state the nature of all disabilities, and when they commenced, and the last date and place employed prior to such disability.

14. Please describe in detail all actions or activities of each of the plaintiff(s) within the

previous forty-eight (48) hours prior to the date and time of the detention and/or arrest, including names and addresses for any persons with whom the plaintiff(s) spent time in the forty-eight (48) hours prior to time of the incident.

15. Please set forth in detail all actions taken and words spoken by any of the defendants named, their agents and/or assigns, on the date of the incident. Please identify by name and badge number any police officer or other agent of the defendants and give a full physical description of the officer and/or agent, a separately state a full description of the officer and/or agent's actions in relation to the plaintiff(s).

16. Please identify by title, court and index number all other lawsuits filed by any of the plaintiff(s), or filed by other persons wherein the plaintiff(s) was/were a party, within the last twenty (20) years, and identify if the plaintiff(s) was/were named as plaintiff or defendant in the matter, and the final outcome of the matter.

17. Please state any and all actions and/or verbal comments which caused the plaintiff to claim that any actions taken by defendants were:

    a. Motivated by the plaintiff's race;

    b. Motivated by the plaintiff's age;

    c. Motivated by the plaintiff's sex.

Please state what the action or verbal comment was specifically, and at what point in the subject incident this occurred. Please list a separate paragraph for each of the above, stating specifically the person(s) who exhibited such action or made such verbal comment, along with a description of such person and/or name.

18. Please state any other additional damages or claims that the plaintiff will assert against the defendants as a result of the subject incident.

19.  Please state the basis for the plaintiff's vehicle having been impounded prior to the subject incident, including the date and place, description of the vehicle including year, make and model, and reason for the impound.

**Dated:**   Buffalo, New York
August 5, 2011

Yours etc.,
**David Rodriguez, Esq.**
**Acting Corporation Counsel**

By: _____
Carmen J. Gentile
Assistant Corporation Counsel
*Attorney for Defendants*
65 Niagara Square
1100 City Hall
Buffalo, New York 14202
Tel. (716) 851-4332

TO:   Joseph C. Todoro, Esq.
Spadafora & Verrastro, LLP
*Attorney for Plaintiffs*
2 Symphony Circle
Buffalo, New York 14201
Tel.: (716) 854-1111

T:\wp60\sem\cjg\adamsoninterrogatories.doc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZACHARY ADAMSON

              Plaintiff,

vs.

CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOSEPH COOK, MICHAEL KEANE and SHARON ACKER

              Defendants.

**DEFENDANTS' OMNIBUS DISCOVERY DEMANDS**

CIVIL ACTION NUMBER:

11-CV- 0663-A

---

SIRS:

    PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, the undersigned attorney for the defendants, City of Buffalo, City of Buffalo Police Department, Joseph Cook, Michael Keane and Sharon Acker, hereby demands that you furnish us within 20 (twenty) days of the service of this notice the following:

    1. **STATEMENTS:** Copies of all statements, whether signed or otherwise, of the aforesaid defendants, the agents, servants or employees of said defendants.

    2. **AUTHORIZATIONS:** Duly executed and acknowledged authorizations permitting the defendants to obtain and copy all hospital records, x-ray reports and all physicians' records with regard to the plaintiffs and injuries allegedly sustained in the subject incident. Specifically allow all psychological/mental health records with regard to this matter.

    Additionally, please forward authorizations which will allow our office to access any court documents, which may be sealed, with regard to this matter.

3. **PHYSICIANS' REPORTS:** All existing (and future) reports of all physicians who have treated or examined the plaintiff in connection with injuries and conditions for which recovery is sought, along with a list of names and addresses for treating physicians.

4. **WITNESSES:** Names [full], complete addresses and phone numbers of each and every witness [and indication as to what was witnessed by each individual]:

   a) To the incident, which is the subject of the above-entitled action, any related incidents which led up to the arrest of the plaintiff, or to damages resulting from subject incident.

   b) To any allegedly defective condition;

   c) To any action of any defendant;

   d) To any notice to any defendant;

   e) To any admission(s) by any defendant;

   f) To any other element reflecting on liability and/or damages.

   g) Any other individual likely to have discoverable information.

5. **PHOTOGRAPHS, ETC.:** Any and all photographs, videotapes, message phone or audio recordings, slides or films of the scene of the incident which is the subject of this litigation and all instrumentalities involved and any and all photographs, slides or films showing the injuries and/or damages claimed by the plaintiffs or liability on the part of the plaintiff or defendant.

6. **ACCIDENT/INCIDENT REPORTS:** Copies of any and all written reports prepared by the parties or their agents, employees or representatives concerning the accident which is the subject of this litigation (i.e., Insurance Report, MV-104, report to law enforcement agency,

complaint(s), sworn statements, Worker's Compensation forms C-2 and C-3, any internal report to an employer or landlord concerning the accident, any report prepared by an employer or landlord as part of the regular internal operations of that enterprise, any report to an insurance carrier).

7. **INSURANCE:** Production of any and all insurance agreements which may provide primary or excess coverage or a defense for any of the causes of action alleged in this case.

8. **EXPERT WITNESSES:** Identify each expert witness you expect to call at trial and separately state as to each such expert:

   (a) The subject matter in which the expert is expected to testify.
   (b) The substance of the facts and opinions on which each expert is expected to testify.
   (c) The qualifications of each expert witness.
   (d) A summary of the grounds for the expert's opinions.
   (e) All other requirements of Federal Rules of Civil Procedure with regard to expert testimony and disclosure.

If you have not retained an expert at the above-specified time, please confirm so in writing.

9. **DOCUMENTS/TANGIBLE THINGS:** Production of copies of all papers, documents, electronically stored information and tangible things in your possession custody or control that you may use to support your claim. **Please include copies of any and all papers and documents with regard to any claim originally filed, and any and all records, papers and reports from or to the Buffalo Police Department, City of Buffalo, or other entities or individuals with regard to the allegations associated with this matter.**

10. **DAMAGES:** Please separate for each plaintiff: A computation of each category of damages claimed by the disclosing party, and information as to how the amount was determined.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZACHARY ADAMSON

                    Plaintiff,

vs.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER
                    Defendants.

NOTICE OF EXAMINATION
BEFORE TRIAL

CIVIL ACTION NUMBER:

11-CV- 0663 -A

---

SIR(S):

    PLEASE TAKE NOTICE, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the testimony upon oral examinations of **ZACHARY ADAMSON** will be taken before a Notary Public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, **at 1108 City Hall, Buffalo, N.Y. 14202 at a date and time to be later determined** with respect to evidence materially necessary in the defense of this action.

    THE SAID PERSON(S) to be examined are required to produce at such examination the following: any and all documents and things used to refresh the witness's recollection of the incident which is the subject of the within litigation.

Dated:      Buffalo, New York
                August 5, 2011

                                                      Yours etc.,
                                                      David Rodriguez, Esq.
                                                      Acting Corporation Counsel

                                                      By: _____
                                                      Carmen J. Gentile
                                                      Assistant Corporation Counsel
                                                      *Attorney for Defendant*
                                                      65 Niagara Square
                                                      1100 City Hall
                                                      Buffalo, New York 14202
                                                      Tel. (716) 851-4332

TO:    Joseph C. Todoro, Esq.
         Spadafora & Verrastro, LLP
         *Attorney for Plaintiffs*
         2 Symphony Circle
         Buffalo, New York 14201

T:\wp60\sem\cjg\adamsondemandebt.doc