Exhibit K

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,                                    **SUBPOENA DUCES TECUM**

                    Plaintiff,

        v.                                          Civil Docket No. 11-CV-0663A

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

                    Defendants.

---

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: City of Buffalo Mayor, Hon. Byron W. Brown, 201 City Hall, Buffalo, New York
14202

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and permit
their inspection, copying, testing, or sampling of the material: See attached **Exhibit "A"**.

**Place:** Spadafora & Verrastro, LLP          **Date and Time:** July 30, 2012 at 10:00 am
        2 Symphony Circle
        Buffalo, New York 14201

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to
a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and
the potential consequences of not doing so, are attached as **Exhibit "B"**.

Date: July 11, 2012                            Officer of the Court,
        Buffalo, New York

                                               Joseph C. Todoro, Esq.

The name, address, e-mail, and telephone number of the attorneys representing, Plaintiff,
ZACHARY ADAMSON, who issues or requests this subpoena, are:

Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201
jct@msvlaw.com
(716) 854-1111

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,                                    **SUBPOENA DUCES TECUM**

           Plaintiff,

    v.                                          Civil Docket No. 11-CV-0663A

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

        Defendants.

---

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Edward Hempling, Director Erie County Law Enforcement Training Academy, CPS Law
Enforcement Training Academy, ECC North Campus, 6205 Main Street (B-714),
Williamsville, New York 14221

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and permit their
inspection, copying, testing, or sampling of the material: See attached **Exhibit "A"**.

**Place:** Spadafora & Verrastro, LLP      **Date and Time:** July 30, 2012 at 10:00 am
      2 Symphony Circle
      Buffalo, New York 14201

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a
subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the
potential consequences of not doing so, are attached as **Exhibit "B"**.

Date: July 11, 2012           Officer of the Court,
    Buffalo, New York

                   Joseph C. Todoro, Esq.

The name, address, e-mail, and telephone number of the attorneys representing, Plaintiff,
ZACHARY ADAMSON, who issues or requests this subpoena, are:

Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201
jct@msvlaw.com
(716) 854-1111

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

ZACHARY ADAMSON,

**SUBPOENA DUCES TECUM**

Plaintiff,

v.

Civil Docket No. 11-CV-0663A

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, JOSEPH COOK,
MICHAEL KEANE and SHARON ACKER,

Defendants.

---

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: City of Buffalo Police Commissioner, Daniel Derenda, 74 Franklin Street, Buffalo,
New York 14202

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and permit
their inspection, copying, testing, or sampling of the material: See attached **Exhibit "A"**.

**Place:** Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201

**Date and Time:** July 30, 2012 at 10:00 am

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to
a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and
the potential consequences of not doing so, are attached as **Exhibit "B"**.

Date: July 11, 2012
Buffalo, New York

Officer of the Court,

Joseph C. Todoro, Esq.

The name, address, e-mail, and telephone number of the attorneys representing, Plaintiff,
ZACHARY ADAMSON, who issues or requests this subpoena, are:

Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201
jct@msvlaw.com
(716) 854-1111

Exhibit  A

## EXHIBIT A

You are directed to produce the following documents pursuant to this Subpoena, and as follows:

1.      Produce a copy of the credentials of City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, including any resume or other document describing current employers, past employers, work experience, and education.

2.      Produce a copy of any and all certificates or any other documents received through May 2010 as verification of the completion of staff in-service, continuing education, or any other training program that have been completed by City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER and/or was required or recommended by the City of Buffalo and/or City of Buffalo Police Department, whether provided by the City of Buffalo or City of Buffalo Police Department itself or not.

3.      In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all certificates or any other documents received as verification of the completion of any training received in satisfaction of a recommendation or requirement by any level of government to which you are subject as an officer or employee with the City of Buffalo and/or City of Buffalo Police Department.

4.      In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any materials used for training or instruction, or which were otherwise provided for police officer and/or employee information, during any training program for which you have provided documents in response to paragraphs 2 and 3 of this request.

5.      In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any notes, handwritten or otherwise, taken during or in relation to any training session for which you have provided documents in response to paragraphs 2 and 3 of this request.

6.      In regard to City of Buffalo Police Officers and/or employees JOSEPH COOK, MICHAEL KEANE and SHARON ACKER, produce a copy of any and all calendars, schedules, or any other documents outlining, describing, or otherwise memorializing the course of their work activity on April 1, 2010.

7.      Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, describing any personal observations, analysis, recommendations, or stating any other facts or opinions about Plaintiff, ZACHARY ADAMSON.

8. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, naming Plaintiff, ZACHARY ADAMSON, for any reason.

9. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, recounting or otherwise memorializing any contact you or anyone else had with Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

10. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the use of force against suspects, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

11. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, relating to the search incident to arrest of suspects, persons of interest, persons in custody, or other persons arrested by JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

12. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

13. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any policy of the City of Buffalo and/or City of Buffalo Police Department with regard to using physical force in detaining and arresting of suspects, persons in custody, persons of interest, and other persons.

14. Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about the arrest of Plaintiff, ZACHARY ADAMSON, on April 1, 2010.

15.     Produce a copy of any and all documents of any type, including but not limited to informal notes, letters, emails, or any official documentation, which you have either produced or received, explaining or otherwise expressing any personally held opinion, viewpoint, or any observation made about any investigation initiated or any procedure invoked in response to the treatment of Plaintiff, ZACHARY ADAMSON, during his arrest on April 1, 2010.

16.     Produce a copy of any and all employment manuals, policies and procedures, rules and regulations, or other written employment instructions and guides provided to JOSEPH COOK, MICHAEL KEANE and SHARON ACKER by the City of Buffalo and/or Buffalo Police Department in regard to the following: a. Arresting an individual for a Felony, Misdemeanor or Violation; b. The restraining or subduing of suspects; c. The use of force when making an arrest and d. The use of force when restraining or subduing a suspect.

17.     Produce a copy of any and all use of force reports relating to the incident involving Plaintiff, ZACHARY ADAMSON, which occurred on April, 1 2010 at approximately 7:15 p.m.

18.     Produce a copy of any and all prior formal complaint made against JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

19.     Produce a copy of JOSEPH COOK's, MICHAEL KEANE's and SHARON ACKER's personnel files as employees of the City of Buffalo and/or City of Buffalo Police Department.

20.     Produce a copy of any and all performance evaluations in the five (5) years preceding the subject incident and since that period of time including any and all performance evaluation for April 1, 2010 of JOSEPH COOK, MICHAEL KEANE and SHARON ACKER as employees of the City of Buffalo and/or City of Buffalo Police Department.

21.     Produce a copy of the entire police file relating to the incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

22.     Produce a copy of any and all arrest reports of any and all individuals arrested or taken into custody by any member, agent, servant or employee of the City of Buffalo and/or City of Buffalo Police Department at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

23.     Produce a copy of any and all police reports relating to the subject incident which occurred at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

24.     Produce a copy of any statements of any witnesses, sworn or unsworn relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

25.     Produce a copy of any other forms completed, not required, or required to be completed pursuant to applicable law or departmental regulations relating to the incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

26.     Produce a copy of any reports of any detectives or supervising officers relating to subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

27.     Produce a copy of any photographs, diagrams or other artist renderings of the individuals, things or area relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

28.     Produce a copy of any and all police examinations, analysis', or tests on any physical evidence relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

29.     Produce a list of any and all physical evidence which was seized, viewed or photographed relating to the subject incident at 585 Elmwood Avenue, Buffalo, New York on April 1, 2010 at approximately 7:15 pm.

Exhibit B

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).