Exhibit L

# CITY OF BUFFALO
## DEPARTMENT OF LAW



BYRON W. BROWN
MAYOR

TIMOTHY A. BALL
CORPORATION COUNSEL

July 17, 2012

Joseph C. Todoro, Esq.
Spadafora & Verrastro, LLP
2 Symphony Circle
Buffalo, New York 14201-1340

    Re:    *Adamson v. City of Buffalo, et al*

Dear Joe:

    Pursuant to your document demands dated July 2, 2012 to Defendants Joseph Cook, Michael Keane and Sharon Acker, such Defendants hereby respond as follows:

1. Defendant Joseph Cook has a high school degree and attended Brockport College for one year. He also attended Paul Smiths College for one year and received no degree. He graduated from the Police Academy in 1987. He has been a City of Buffalo Police Officer from 1991 to the present. He previously worked for the Niagara Frontier Transportation Authority from 1987 to 1991 and prior to that held a part time position for the Town of Hamburg.

   Defendant Michael Keane has a high school diploma and attended University of Buffalo for two years and received no degree. He attended the Police Academy between 1998 and 1999 and became a Buffalo Police Officer in July 1998. Prior to that, he was employed by the Public Safety Department at the Buffalo Municipal Housing Authority from February 1994 through July 1998.

   Defendant Sharon Acker has a high school diploma and also received an associates degree after attending a two year college. She attended the Police Academy and graduated in 1994 when she then became a Buffalo Police Officer. She previously had worked for the American Red Cross.

   With regard to any resume or other documentation, such information shall be provided if required by the Court at trial or pursuant to Motion.

2. The individual Defendants attended the Erie County Law Enforcement Training Academy which is located at Erie Community College North Campus. All Buffalo

        Police Department hires attend the County Academy. Upon information and belief, the current director is Edward Hempling. As stated, the training academy is run through the County of Erie at Erie Community College. All information regarding training of these officers, continued education or other such issues can be available by subpoena through this institution. This information was previously provided to you by way of letter correspondence dated May 29, 2012.

3. See response at paragraph 2.

4. Id.

5. None of these Defendants have any notes or other documentation taken at any training session whether it be the initial training session or any further training sessions held. With regard to documentation and other course work, please see response at paragraph 2.

6. Only patrol officers are required to keep daily logs regarding any work activity on a particular date. These individually named Defendants are not patrol officers and are not required to keep any memorialization of work activity on any particular date.

7. None of these individually named Defendants has kept or drafted any particular documentation regarding Plaintiff, Zachary Adamson other than what may be contained in any sanctioned police documentation relating to his arrest or with regard to what occurred on April 1, 2010. Please note that all arrest documentation and other criminal activity documentation regarding the Plaintiff was forwarded to you by way of Rule 26 Disclosures on April 3, 2012 and under cover of letter dated May 29, 2012 which was sent in response to discovery demands.

8. See response at paragraph 7.

9. Id.

10. According to the individually named Defendants, there was no Use of Force Report filed with regard to this incident. Pursuant to your request for all documentation regarding Use of Force against any and all suspects or persons placed in custody or arrested relating to the individually named Defendants is overbroad and is not subject to determination.

11. This request is overbroad since it is impossible task to determine this information with regard to all arrests ever made, or all suspects or all dealings with all persons of interest or all persons in custody at any time.

12. No such information exists with regard to all three individually named Defendants.

13. See response at paragraph 12.

14. Other than the documents previously disclosed, no such information exists.

15. This matter was the subject of an Internal Affairs Division File or Professional Standards Division File. However, as previously stated in a letter dated May 29, 2012 from this office, such matters are deemed confidential and not subject to disclosure pursuant to New York State Civil Rights Law Section 50-a.

16. This information may be contained in the City of Buffalo Police Department Manual of Procedure. Please note that the entire manual in total is not discoverable pursuant to Matter of Constantine v. Leto 79 NY2nd 975, which has been affirmed by the New York State Court of Appeals. An accommodation can be made for your office to review the manual at a mutually convenient date and time and obtain any information thereto. There may be sections or provisions in the manual which may overlap or indirectly relate to the areas for which you are obtaining information therefore presumably it would be in your best interests for you or someone from your office to personally review the manual and determine what sections may be pertinent to your request rather than to have defense counsel make such determination on its own.

17. See response at paragraph 10.

18. Such matters are deemed confidential pursuant to New York State Civil Rights Law Section 50-a and are not discloseable if any such information does exist.

19. See response at paragraph 18.

20. Id.

Very truly yours,

Timothy A. Ball
Corporation Counsel

Carmen J. Gentile
Assistant Corporation Counsel

TAB:CJG:sm

T:\wp60\sem\cjg\adamsonltrtotodoro7.16.12.doc