UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Zachary Adamson,

                              Plaintiff,

                                  **Hon. Hugh B. Scott**

                                  11CV663A

               v.

                                  **Decision**
                                  **& Order**

City of Buffalo et al.,

                              Defendants.
_____

Before the Court is the plaintiff's motion to compel discovery (Docket No. 24).

**Background**

The plaintiff, Zachary Adamson ("Adamson"), originally brought this action in New York State Supreme Court, alleging that Buffalo Police Officers Joseph Cook, Michael Keane and Sharon Acker falsely arrested him for disorderly conduct and obstructing governmental administration in the second degree. (Complaint attached to Docket No. 1, Counts 1 & 2). The plaintiff alleges that the defendants used excessive force in doing so. (Complaint attached to Docket No. 1, Count 3). The plaintiff also asserts a claim against the City of Buffalo for failing to properly train the individual defendants. (Complaint attached to Docket No. 1, Count 4). Adamson re-asserts the allegations contained in Counts 1 though 4 as the basis of a civil rights claim under 42 U.S.C. §1983. (Complaint attached to Docket No. 1, Count 5).

**Motion to Compel**

The plaintiff seeks to compel the defendants to further respond to a demand for the "personnel files, documents, ... relating to any complaints made against [the individual defendants] while they were in the employ of the Buffalo Police Department." (Docket No. 24-10 at ¶2). In addition, the plaintiff had issued various subpoenas seeking depositions from Buffalo Mayor Byron Brown and other City officials. The subpoenas also sought the production of various documents relating to the individual defendants in this case. (Docket No. 24-14). Although the plaintiff has agreed to quash the subpoenas (Docket No. 26), the plaintiff states that the defendants have not produced the documents sought thereunder as they had promised to do. (Docket No. 24-1 at ¶8).

With respect to the plaintiff's requests (as contained in both in the document demand and the subpoenas[1]) for documents from the defendants' personnel files, the defendants oppose the motion on the grounds that some of the requests are overly broad (Docket No. 27 at ¶ 4) and that the material being sought is protected by §50-a of the New York State Civil Rights Law. (Docket No. 27 at ¶ 7). In federal civil rights cases, issues of privilege are governed by federal, not state, law. It is undisputed that under federal law, New York Civil Rights Law § 50-a does not prohibit discovery of police personnel documents. Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988). That does not mean that the state statute is to be given no effect. According to the New York State Court of Appeals, the legislative intent underlying the enactment of §50-a was enacted to prevent time consuming and perhaps vexatious investigation into irrelevant collateral matters in the contest of a civil or criminal action, and to avoid embarrassment and harassment of

---

[1] For example, see Docket No. 24-14 at ¶¶ 10-11.

testifying officers by cross-examination concerning "unsubstantiated and irrelevant" matters in their personnel files. See Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562 (1986). Generally, the Court will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer. See Diaz v. Goord, 2007 WL 2815735 (W.D.N.Y. 2007)(Payson, M.J.)(directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with allegation of excessive force); Wright v. Goord, 2008 WL 2788287 (W.D.N.Y. 2008)(Payson, M.J.)(directing search of personnel files for documents relating to disciplinary action taken against defendants based upon the use of excessive force). It is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence. See Crenshaw v. Herbert, 409 Fed.Appx. 428 (2d. Cir. 2011)(the district court did not abuse its discretion by denying plaintiff's motion to compel production of defendant's personnel file; the court properly relied on defense counsel's affirmation that the file contained no relevant disciplinary records; even if evidence of a prior *substantiated* excessive force investigation existed, on the facts of the particular case before us such evidence would be inadmissible to show that defendant acted violently in this instance). Crenshaw, 409 Fed.Appx. at 430 citing Fed.R.Evid. 404(b). See also DiRico v. City of Quincy, 404 F.3d 464 (1st Cir. 2005)(district court in arrestee's § 1983 action against police officer for injuries sustained in arrest did not plainly err in excluding evidence of an earlier arrest by officer that resulted in a complaint of use of excessive force; evidence had no special relevance to any issue in action, evidence relating to a single, unsubstantiated claim of use of excessive force had limited probative value, and admission would have created danger that jury would render verdict on improper basis that officer was prone to engaging in violent behavior.). In light of the above, the defendants are

directed to produce only those documents relating to any claims of excessive use of force, improper arrest, or improper prosecution involving the individual defendants which have been substantiated upon the conclusion of an internal administrative investigation or court proceeding. ***Any information produced by this directive, shall be used only for the purposes of this case and the disclosure shall be restricted to attorneys eyes only in this case.***

In addition, the plaintiff's requests attached to the subpoenas seek documents relating to any training received by the individual officers in this case. (Docket No. 24-14 at ¶¶ 1-7). Information as to how the City of Buffalo trains its police officers is relevant to the plaintiff's claim that the officers in this case were not properly trained. However, this information is also of a sensitive nature and could compromise officer safety if available to the public. In an effort to balance the competing needs in this case, the defendants are directed to produce the following materials: (a) copies of any and all certificates or other documents issued to the individual defendants demonstrating their completion of a training program, staff-in-service, or continuing education program relating to the making of arrests or the use of force; and (b) copies of the training materials used for training and instruction which were provided to the individual defendants in connection with any of the aforementioned training events.

The plaintiff also seeks to have the defendants produce any notes or other documents they may have drafted or received relating to Adamson, or Adamson's arrest on April 1, 2010 (Docket No. 24-14 ¶¶ 7-9, 15, 21-29). It is unclear from the record whether these documents have been produced. If they have not yet been produced, the defendants are directed to produce any such documents (with the exception of documents subject to the attorney-client privilege in this matter). To the extent that the plaintiff seeks documents created by or received by Mayor Brown or others containing "opinions, viewpoints and observations" as to the policies of the Buffalo

Police Department (Docket No. 24-14 ¶¶ 12-14), the defendant need not respond to these requests as they are overly broad and unlikely to lead to the discovery of admissible evidence.

***Again, any information produced pursuant to the above, shall be used only for the purposes of this case and the disclosure shall be restricted to attorneys eyes only in this case.***[2] By directing the production of this information, the Court does not make any finding as to its admissibility at trial. A determination relating to admissibility shall be made by the Judge presiding over any trial in this case. To the extent the defendants are directed to produce the documents as discussed above, the documents shall be produced to the plaintiff within 20 days of the date of this Order.

**Scheduling Issues**

The dates in the Amended Scheduling Order have passed. (Docket No. 15). To facilitate the pretrial proceedings in this matter, and in light of the age of this case, the following expedited schedule shall apply:

1. This case has been referred automatically to the Alternative Dispute Resolution (ADR) program. The parties are encouraged to continue efforts to resolve this matter throught the ADR program.

2. The referral to mediation shall terminate on **December 31, 2013**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

3. ***<u>The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.</u>***

4. All discovery in this case shall conclude on **May 31, 2013**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

---

[2] Upon completion of this case, all such materials shall be returned to counsel for the defendants.

5.  The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **April 15, 2013**; the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **May 15, 2013** See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994.  All expert discovery shall be completed on or before **May 31, 2013.**

6.  In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **August 30, 2013**. **If no dispositive motions are filed, and no other motions are pending as of that date, the parties are directed to contact the Chambers of Hon. Richard J. Arcara within 10 days to request a trial date status conference**

7.  No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 5, 2013